Mr. Manuel Santos
Reg. No. 55382-053
F.C.I. Otisville
Post Office Box 1000
Otisville, New York 10963

May 28, 2024

Office of the Clerk
United States District Court
Eastern District of New Yorkl
225 Cadman Plaza East
Brooklyn, New York  11201

Re: <u>United States v. Manuel Santos</u>, Case No. 01-Cr-537-ARR

Dear Sir/Madam:

    Please find enclosed one (1) original and one (1) copy of the undersigned Pro se Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. §3582(c)(1)(A) with accompanying Exhibits.

    I have enclosed the extra copy so that it can be file-stamaped by your office in order to be returned to me in the self addressed stamped envelope provided herein for my personal records, and to acknowledge receipt of the same.

    Thank you for your time and attention to this very important matter, and I look forward to hearing from your office soon.

                              Very truly yours,

                              Mr. Manuel Santos
                              Pro se Defendant

REC'D IN PRO SE OFFICE
JUN 6 '24 PM 4:18

enc.

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

MANUEL SANTOS

Defendant.

Crim. Case No. 01-Cr-537

*Rec, in p drive 5:42 pm

U.S. District Judge

Honorable Allyn R. Ross

REC'D IN PRO SE OFFICE
JUN 5 '24 PM4:18

---

## MOTION FOR REDUCTION OF SENTENCE
## UNDER TITLE 18 U.S.C. §3582(c)(1)(A)
### REQUESTING COMPASSIONATE RELEASE

Comes Now, Manuel Santos, the undersigned Pro se Defendant, and respectfully request that this Honorable Court consider this motion for Compassionate Release pursuant to Title 18 United States Code Section 3582(c)(1)(A), based on the Amendment 814 to the United States Sentencing Guidelines ("Guidelines"), §1B1.13(b)(6), (c), (d) and (e), hereby invoking its discretion to reduce Defendant's current term of imprisonment to a term of three-hundred sixty (360) months imprisonment.

In support of this Honorable Court granting the discretionary relief sought herein, Defendant states as follows based in law and fact.

- 1 -

## INTRODUCTION

Defendant Santos is presently serving a sentence of life imprisonment and a consecutive sentence of one-hundred twenty (120) months for two (2) CCE murder offenses and use of a firearm.

Thus, Santos now moves in a pro se capacity for this Honorable Court to invoke its discretion after exhaustion of his administrative remedies, by submitting a written request to the Warden of the facility he is currently housed in, as required by statute following the enactment of the First Step Act of 2018.

Santos now files this request for compassionate release based on his "Unusually Long Sentence" when compared to both the National and Second Circuit average sentence for defendants convicted of murder.

## PROCEDURAL HISTORY OF THE CASE

In 2001, Defendant Santos was indicted with others for two (2) counts of murder while engaging in a drug conspiracy in violation of Title 21 U.S.C. §848(e)(1)(A) and §§846, 841(b)(1)(A), along with one (1) count of use of a firearm during and in relation to a crime of violence to wit: the murder counts under §848(e)(1)(A). (See Case No. 01-Cr-00537, Docket Entry No. 7; hereafter, "Doc. #___").

Mr. Santos proceeded to trial, and was convicted by a jury

- 2 -

of all three (3) aforementioned counts in November 19, 2004. (Doc. #47). At sentencing, the court imposed terms of imprisonment for life on Counts One and Two to run concurrent with each other, and a consecutive term of imprisonment of one hundred twenty (120) months on Count Three. (Doc. #67).

Mr. Santos filed an appeal attacking his conviction and sentence which was affirmed by the United States Court of Appeal for the Second Circuit. See <u>United States v. Santos</u>, 541 F.3d. 63 (2nd Cir. 2008), cert. denied, <u>Santos v. United States</u>, 555 U.S. 1122 (2009). Thereafter, the district court denied the Rule 33 motion filed by Mr. Santos. <u>United States v. Santos</u>, U.S. Dist. Lexis 76199 (S.D.N.Y. July 27, 2010), affirmed 489 Fed. Appx. 133 (2nd Cir. 2012).

On May 24, 2013, Mr. Santos sought to collaterally attack his conviction and sentence in a motion under 28 U.S.C. §2255 which was subsequently denied along with a certificate of appealability. See <u>United States v. Santos</u>, U.S. Dist. Lexis 57401 (S.D.N.Y. April 17, 2014).

Following the passage of the First Step Act of 2018, Mr. Santos requested consideration for relief under 28 U.S.C. §3582(c)(1)(A), after this initial motion was denied on February 8, 2021. After Defendant Santos' initial request for relief under §3582(c)(1)(A) was denied, he filed a second §3582(c)(1)(A) motion to this Court which was also denied. See <u>United States v. Santos</u>, 216763 (S.D.N.Y. November 9, 2021). A supplemental §3582(c)(1)(A) motion was filed in this Court; (see Doc. #186), before filing his final motion for compassionate release which

this Court viewed as his fourth §3582(c) motion which was denied. See <u>United States v. Santos</u>, U.S. Dist. Lexis 168744 (S.D.N.Y. September 19, 2022).

Given the recent Amendments to the Guidelines that allow for a federal prisoner to seek compassionate release based on an "Unusually Long Sentence", defendant Santos now moves this Honorable Court in a pro se capacity for a reduction in his sentence. Specifically, defendant Santos seeks his concurrent life sentences be reduced to two hundred forty (240) months, consecutive to the one hundred twenty (120) months for a total of three hundred sixty (360) months.

<u>ARGUMENT FOR COMPASSIONATE RELEASE</u>

Extraordinary and compelling reasons
exists that supports reducing Santos'
request for a sentence reduction.

This Court is familiar with this defendant's previous requests for compassionate release which it denied on two occasions; see <u>Santos</u>, Lexis 216763 and <u>Santos</u>, Lexis 168744. In defendant Santos' initial motion for compassionate release, this Court denied relief "on the grounds that Mr. Santos had failed to exhaust his administrative rights, and even if he had exhausted them, he had not presented extraordinary and compelliing reasons warranting release." <u>Santos</u>, Lexis 216763 (citing Defendant's January 12, 2021 motion).

When addressing defendant Santos' subsequent motion for compassionate release, this Court found that because he "has

- 4 -

failed to demonstrate that extraordinary and compelling reasons exists, [the Court] need not turn to the §3553(a) factors." Id., at *15. Then in addressing the final compassionate release motion, filed by defendant Santos, this Court rejected his claim that "intervening changes in law and fact" were present after its analysis of the "extraordinary and compelling circumstances" alleged. Santos, Lexis 168744 *9-10. Consequently, this Court again concluded "that there ha[d] been no changes in law and fact that justify a reduction in Mr. Santos' sentence." Id., Moreover, the Court also rejected defendant Santos' argument that Alleyne v. United States, 570 U.S. 99 (2013), provided the extraordinary and compelling reasons necessary to grant compassionate release in his case. Id., *11. Thus, in rejecting relief, this Court found that "Mr. Santos d[id] not identify a question he believes the jury failed to find by a preponderance of the evidence," Id., *12.

However, in determining whether defedant Santos has demonstrated "extraordinary and compelling reasons" in the context of a sentence reduction based on a non-retroactive intervening change in law, the current amended guidelines require a more indepth inquiry. First of all, as this Court must acknowledge, the Sentencing Commission expanded the reasons for considering a defendant's request for compassionate release. See U.S.S.G. Amendment 814 (which recognizes that an "Unusually Long Sentence" may qualify if a defendant "has served at least 10 years of the term of imprisonment [then] a change in the law...may be considered in determining whether a defendant presents an extraordinary and compelling reason, [when] such change would

- 5 -

produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances").

In this instance, defendant Santos received two (2) concurrent life sentences for his involvement in the murder of two individuals, in violation of §848(e)(1)(A)--Counts One and two, and a consecutive sentence of one hundred twenty (120) months for the use of a firearm in violation of §924(c).

For purposes of this motion, defendant Santos seeks a reduction of his life sentences to current terms of two hundred forty (240) months, the mandatory minimum term of imprisonment under the CCE murder statute based on Alleyne, supra; see also, United States v. Taylor, 726 F.3d. 661 n. 9 (2nd Cir. 2013)(recognizing the holding in Alleyne which states "any fact that increases the mandatory minimum sentence for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt").

Significantly, the change in law in Alleyne provides the extraordinary and compelling reasons to grant defendant Santos the requested reduction, especially when considered with the §3553(a) factors. This is because the principle in Alleyne, which requires that the jury make the necessary finding to increase the mandatory minimum sentence a defendant can receive in this case. That is whether defendant was the specific individual who committed the murders amounts to the extraordinary and compelling reasons for a reduction. Particularly when, the instructions given to the jury in defendant Santos' case does not support it found that he was

involved as the actual triggerman in the murders, as opposed to a
mere aider or abettor to the crimes which supports his lesser
culpability.

This is significant because if the jury did not make that
specific finding--i.e., defendant Santos was the individual who
shot the victims which is arguable in this case; (see Trial
Transcripts, p. 894; hereafter, "T.Tr., p.___"), the absence of
such finding implicates Alleyne. The principle in Alleyne is
implicated in the jury's request to have a key piece of evidence
reviewed during deliberations, which further supports that it was
uncertain as to defendant Santos' specific role as the perpetrator
or aider or abettor in the offense. (See T.Tr., pp. 926-
27)(honoring request by jury to have video replayed which alleged
ly showed the gunman's vehicle at scene of the murders). This is
a demonstratively important fact, given that the government
placed before the jury admittedly false evidence through its
witness who was alleged a trial to be the videographer, but
provided "testimony in the Santos trial [which] had not been
truthful[.]" associated with this fact (See May 8, 2007 Letter
from Asst. U.S. Attorney).

Additionally, even assuming that a defendant convicted of
murder would be assigned a guideline level of 43 under U.S.S.G.
§2A1.1, given the non-retroactive Supreme Court decision in Booker
allows for the guideline to be applied in an advisory fashion.
Thus, this point further establishes the extraordinary and
compelling reasons in these proceedings. See U.S.S.G.
§1B1.13(e)(Foreseeability of Extraordinary and Compelling

- 7 -

Reasons.). Therefore, viewing both the non-retroactive decisions in _Alleyne_ and _Booker_ in the context of defendant Santos' request for compassionate release as amended by the Sentencing Commission, this Court should now find the extraordinary and compelling reasons it previously rejected in its prior rulings. See _Santos_, Lexis 216763 and Lexis 168744. Significantly, when defendant Santos' rehabilitation, period of incarceration served and the gross disparity between the sentence imposed and what would be considered the appropriate sentence now arguably warrants a reduction currently.

In light of the foregoing, the relevant §3553(a) factors support reducing defendant Santos' concurrent life sentences to two hundred forty (240) months, when considered with the consecutive one hundred twenty (120) month sentence he is serving for a total of three hundred sixty (360) months.

**Relevant §3553(a) factors support
the reduction of Santos' sentence
to two hundred forty (240) months.**

When a Court begins its §3553(a) analysis, it starts with "the nature and circumstances of the Offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). Beginning with the severity of the offense defendant Santos' was convicted of cannot to overstated. The actions for which defendant Santos' was convicted of taking part in by a jury is a particularly heinous crime i.e., the murder of two individuals based on a drug conspiracy charge. See _United States v. Santos_,

- 8 -

341 F.3d. 63 (2nd. Cir. 2008). These actions undisputably inflicted immeasurable harm on the community and undeniably rank among the most serious offenses that a person can commit thereby making a correspondingly sever sentence undoubtedly warranted.

Consequently, there are additional factors concerning this defendant which support this Court's discretion to consider leniency in light of the changes in sentencing law. For example, the sentencing trend for imposition of life sentences for murder has significantly deceased nationally. See Sentencing Commission Statistical Information Packet, Table 7 pg. 11 (showing the mean average for murder is 261 months while the median average was 240 in Fiscal Year 2022). The average in the Second Circuit has been found to be 255 months. See United States v. Lugo, U.S. Lexis 43458 (E.D.N.Y. March 11, 2022)(recognizing the recent sentence for murder in federal court is "slightly over 20 years"). Thus, as serious as the offense of murder has been determined to be courts have trended downward on imposing mandatory life sentences for defendant's convicted of murder. Moreover, the "history and characteristics" of defendant Santos cannot be viewed in a vacuum, and the court must weigh other factors in its analysis concerning the person defendant Santos is today. See Peppers v. United States, 562 U.S. 476, 492 (2011)(stating that court should view defendant at the time of post-sentencing because it "provides the most up-to-date picture of [his] 'history and characteristics'"). For instance, although defendant Santos has accumulated several disciplinary infactions, he has not received a single incident report since 2013--over ten years, which attest to his growth and

- 9 -

progress. Besides, an inmate having a few disciplinary incidents during his initial incarceration does not necessarily weigh against him, especially when his disciplinary concerns taper off. See United States v. Fenner, U.S. Dist. Lexis 65585 *12-13 (D.Md. April 8, 2022)(Fenner has exceptional disciplinary record, with only 12 infractions over 22 years in custody-almost half of which were issued during his first 5 years in prison, and absolutely none of which occurred in the last 13 years); United States v. Juarez-Parra, U.S. Dist. Lexis 173106 *2 (D.NM September 22, 2020)(Defendant's disciplinary records shows that while he has sustained several infractions, the most recent of which in 2017, they are largely non-violent, his sentence reduced to time served)|| United States v. Ramirez, U.S. Dist. Lexis 173414 *19 (S.D.N.Y. September 13, 2021)("While in prison, defendant has committed a number of disciplinary infractions, including several violations for fighting and possession of drugs, most of defendant's infractions took place more than 10 years ago, however, and he has had no disciplinary violations in the last 5 years"); United States v,. Dubois, U.S. Dist. Lexis 29848 (E.D.Pa. March 31, 2021)(finding defendant was not a danger to the community in part because he has received only 6 disciplinary infractions in over 16 years and none in the past ten years).

Turning to the §3553(a)(2) factors, which "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. As shown above, it has been found that three hundred sixty (360) month sentence unscores the seriousness of the actions defendant Santos was convicted of,

while promoting general deterrence, and ensures public safety. It should be especially noting, that defendant Santos will be deported upon completion of his sentence. See <u>United States v. Birkett</u>, U.S. Dist. Lexis 112714 (E.D.N.Y. June 29, 2023)(recognizing courts have held that subsequent deportation "may be considered when balancing the §3553(a) factors")(citing <u>United States v. Johnson</u>, 345 F.Supp.3d. 393, 397 (E.D.N.Y. 2017)(collecting cases); <u>United States v. Francis</u>, U.S. Dist. Lexis 13272 (S.D.N.Y. January 22, 2021)((finding that the defendant "will not pose a danger to any person or the community because he was to be removed upon release"); <u>United States v. Ramirez</u>, U.S. Dist. Lexis 2735 (D.Utsh January 4, 2024).

Furthermore, imposition of a thirty year sentence upon defendant Santos accounts for the extent of his actions relative to other similarly situated defendants which could account for "the need for unwarranted sentencing disparities. See Exhbit 1). For example, in a case involving multiple murders, the defendant was given time-served after being convicted of RICO violations which included four murders and one attempted murder following his spending 35 years in federal prison. See <u>United States v. Tellier</u>, U.S. Dist. Lexis 149994 (S.D.N.Y. August 25, 2023). The attached exhibit showing multiple cases where individuals were convicted of murder have received reduced sentences under §3582(c)(1)(A) which attest to the disparity in defendant Santos' sentence. (Exhibit 1 , supra).

Moreover, factoring in defendant Santos' age mitigates any recidivism concerns this Court may consider. Specifically,

defendant Santos is at the age where studies show he has age out of crime. See <u>United States v. Gaffney</u>, U.S. Dist. Lexis 54404 (E.D.N.Y. March 25, 2022)(showing studies have found that "age is an important factor when it comes to recidivism" because "the older the age at release the lower the arrest rate [given] offenders who are released when they are older than 60 years old have a rearrest rate of only 16%"); see also, <u>United States v. Braxton</u>, U.S. Dist. Lexis 147379 (D.Md. August 17, 2020)(stating that recidivist offenders pose "little danger to the public" when over 60 years old)(citing U.S. Sent. Comm., The Effects of Aging on Recidivism Among Federal Offenders)("Older offenders were less likely than younger offenders to recidivate following release...13.4 percent of offenders age 65 or older at the time of release were rearrested[.]").

The purpose of compassionate release is to have look to an offender who has served a substantial amount of time, as defendant Santos has and to determine if release under the circumstances would be appropriate. See e.g., <u>United States v. Snype</u>, U.S. Dist. Lexis 124734 (S.D.N.Y. July 19, 2023)(stating "At the very crux of compassionate release is the recognition that no man is beyond redemption"). Certainly, defendant Santos is one man deserving of a chance considering his sincere attempts at receiving program credits through the programming apparatus available through the Federal Bureau of Prisons especially after Congress's enactment of the First Step Act, and the Federal Bureau of Prisons (FBOP) recidivism risk reduction program. (See Exhibit 2). Through a pattern scoring system, where federal inmates are

- 12 -

scored in one of four categories "High" being the greatest risk as recidivating and "Low" being the least, defendant Santos has scored "Low" significantly decreasing his need for continued incarceration. Unfortunately, due to the sentence defendant Santos is serving, both his identifying program needs and the opportunity to program is sharply curtailed. (See Exhibit 3). Although, defendant Santos is allowed to sign-up to request recognizable program needs, he is deprived from taken part in such programs because they are reserved for federal inmates with earlier release dates because of the same needs of other inmates with lower sentences making it virtually impossible to partake in such programs. (See Exhibit 4).

Despite these unfair practices, defendant Santos has involved himself in a volunteer group for federal inmates serving life sentences in F.C.I. Otisville, which allows him to be instrumental in providing uplifting assistance to younger, inexperienced inmates through such programs as mentoring and inmate drug treatment counseling. (See Exhibits 5 & 6; BOP Progress Report).

Defendant Santos has the strong family and community support to make a difference in the lives of others and society as a whole, his past actions are not a reflection of the man he is today and there can be no better way to demonstrate his remorse and changed behavior then to have the opportunity to demonstrate it first hand outside of the prison environment. Defendant Santos' inability to receive redemption is reflected in his currently serving a life sentence, which provides no redemptive opportunity despite his rehabilitative efforts.

For instance, as one court succinctly put it:

"A life sentence is different in kind, and not merely degree. from nearly all other sentences. It is the end of the road. There is no release date, no light at the end of the tunnel, no future to consider. Unlike most other sentences, a life sentence forbids an inmate from ever seeing the other side of a prison wall again. To put it bluntly, the inmate will die in his cell. While a life sentence may be justified (or required in certain situations, it leads to a slow, tortuous demise that makes rehabilitation and personal development immaterial. In that sense, and as the Supreme Court has observed, a life sentence is unique as it is the only sentence that shares some characteristics with a death sentence. See <u>Graham v. Fla.</u>, 560 U.S. 48, 69...(2010)[.]"

<u>United States v. Liscano</u> U.S. Dist. Lexis 184294 *12 (N.D.Ill. September 27, 2021).

Viewing the §3553(a)(2) factors, in this case weigh heavily in favor of Defendant Santos when considering in the context of his case. Thus, looking to the kinds of sentences available under §3553(a)(3), the statute of conviction allows for a mandatory minimum of twenty (20) years, and coupled with the advisory Guideline scheme and the particulars of the case as noted above with the average sentence for murder in this circuit supports granted defendant Santos compassionate release.

Certainly, the sentencing disparity for other defendants convicted of murder without acknowledgment by the government untruthful testimony by a government witness leans in Defendant's Santos' case, and this Court should revisit its previous denials of compassionate release and strongly consider granting the relief requested based on the arguments and evidence set forth herein for a reduction of setence to two hundred forty (240) months concurrent for Counts One and Two, leaving the consecutive one

- 14 -

hundred twenty (120) months in place for the firearm count.

Wherefore, this Pro se Defendant prays this Honorable Court grant this motion for compassionate release as sought herein, and grant any and all other relief it deems just and proper in the interest of fairness and justice.

Respectfully submitted,

Mr. Manuel Santos
Prp se Defendant
Reg. No. 55382-053
F,C.I. Otisville
Post Office Box 1000
Otisville, New York 10963

## CERTIFICATE OF SERVICE BY MAIL

I hereby certify that a true and complete copy of the foregoing has been given to prison officials for mailing, first class postage prepaid, and sent to: Office of the U.S. Attorney for the Eastern District of New York located  at 225 Cadman Plaza East, Brooklyn, New York 11201.

On this _5_ Day of ___28___, 2024, pursuant to 28 U.S.C. §1746.

- 15 -

**IN THE**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

          Plaintiff,

      v.

MANUEL SANTOS,

        Defendant.

---

Crim. Case No. 01-Cr-537

U.S. District Judge

Honorable Allyn R. Ross

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**RECORD OF EXHIBITS IN**
**SUPPORT OF DEFENDANT'S**
**MOTION FOR COMPASSIONATE**
**RELEASE UNDER §3582(c)(1)(A)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Mr. Manuel Santos
Pro se Defendnat
Reg. No. 55382-053
F.C.I. Otisville
Post Office Box 1000
Otisville, New York 10963

## RECORD OF EXHIBITS

1. Listing of Cases involving Murder                    1

2. Classification Form & FSA Risk Assessment           4

3. Electronic Request for Classes (Wait List)          8

4. Work/Educ/Psych/Disciplinary Data Sheets            9

5. Lifers Program Flyers                              14

6. Lifers Program N/A Program                         16

7. Personal/Support letters                          17

TRULINCS 55382053 - SANTOS, MANUEL - Unit: OTV-F-B

---------------------------------------------------------------------------------------------------------

FROM: 55382053
TO: Warden
SUBJECT: ***Request to Staff*** SANTOS, MANUEL, Reg# 55382053, OTV-F-B
DATE: 12/04/2023 08:29:52 PM

To: Warden's Complex
Inmate Work Assignment: FB Unit Orderly

Warden Jamison:

I am seeking consideration for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) and the recently enacted amendments to the U.S. Sentencing Guidelines which allow a federal prisoner to seek a reduction in sentence once he has served at least ten (10) years in custody and his sentence represents a gross disparity between other sentences imposed for similarly offenses. In seeking compassionate release, the U.S. Sentencing Guidelines' retroactive amendment to Section 1B1.13(b)(6), gives a federal defendant the permission to rely on previous decisions in law which have not been made retroactive when requesting a reduction in sentence. Moreover, the aforementioned amendment to the guidelines further allows for review based on a defendant's rehabilitation and provides for the use of changes in the law whether or not they were reasonably foreseeable at the time of sentence. U.S.S.G. Section(s) 1B1.13(c), (d), & (e). Since this federal inmate's conviction, several changes in the law have passed and are now applicable to his request for compassionate release therefore Warden you may consider them in determining whether a reduction in sentence is appropriate. See e.g., U.S. v. Descamps; U.S. v. Mathis; U.S. v. Allenye, etc. Furthermore, according to Section 3582(c)(1)(A), this defendant is required to file with your office first before seeking relief in the court, and whether a decision is made by your office or not the passage of a 30 day period serves as an exhasution of administrative remedies to allow a federal prisoner to file for compassionate release in the appropriate court. Thus, this inmate hereby submits this request for a sentence reduction under the statute in order to conform with the statutory administrative remedy requirement and ask that you, Warden adhere to the requirements under law in this request. Thank You!!

- ii -

## MURDER

Exhibit 1

Search terms: "3582(c)(1)(A)" and "murder"

United States Sentencing Commission, Compassionate Release Data Report, Calendar Years 2020 to 2022, Table 8 (Sept. 2022). Compassionate release granted to 76 inmates convicted of murder in federal court.

United States Sentencing Commission, 2017 Sourcebook for Federal Sentencing Statistics, Table 14. Average prison sentence imposed for murder was 18.1 years for all offenders. https://ussc.gov/research/sourcebook/archive/sourcebook-2017.

United States Sentencing Commission, Sourcebook of Federal Sentencing Statistics, Table 14: Average Length of Imprisonment for Offenders in Each Criminal History Category by Primary Offense Category. [Insert the year you want to research.]

U.S. v. Morris, 2022 U.S. Dist. LEXIS 153822, *2-3, *37 (D. Conn. Aug. 26, 2022) (Morris was convicted of a VICAR murder and received four life sentences which were reduced to 30-years);U.S. v. Perez, 2021 U.S. Dist. LEXIS 41040, *2, *17 (D. Conn. Mar. 4, 2021) (Defendant was convicted of four crimes related to murder for hire and was sentenced to life imprisonment which sentence was reduced to time served); United States v. Cruz, 2021 U.S. Dist. LEXIS 68857, *1-2 (D. Conn. Apr. 9, 2021) (Defendant convicted of murdering two men while a member of the Latin King gang and was sentenced to life imprisonment. The court reduced defendant's sentence to time served); U.S. v. Rios, 2020 U.S. Dist. LEXIS 230074, *2-3, *20-21 (D. Conn. Dec. 8, 2020) (Defendant was a Latin King gang member who was convicted of VICAR murder, and his life sentence was reduced to 360 months imprisonment); U.S. v. Mackall, 2020 D.C. Super. LEXIS 29, *1, *29 (D.C. Super. Ct. July 17, 2020) (Motion granted and life sentence for first degree murder commuted to time served); U.S. v. Kitt, 2020 D.C. Super. LEXIS 41 (Sept. 28, 2020) (Reduced life sentence to time served DC Compassionate Release statute. D.C. Code § 24-403.04); U.S. v. Greene, 516 F. Supp. 3d 1, 27-28 (D. D.C. Feb. 2, 2021) (Life sentence reduced to time served for murdering a United States Marshal); U.S. v. Douglas, 2021 U.S. Dist. LEXIS 10755, *2, *45 (D. D.C. Jan. 21, 2021) (Defendant convicted of second degree murder; defendant's sentence reduced to time served); U.S. v. Williams, 2021 U.S. Dist. LEXIS 216129, *3, *28-29 (D. D.C. Nov. 8, 2021) (Defendant was convicted of second degree murder and CCE and his sentenced was reduced to time served); U.S. v. Lopez, 2020 U.S. Dist. LEXIS 200076, *2, *19-20 (D. Haw. Oct. 27, 2020) (Defendant was convicted of drug conspiracy murder and his life sentence was reduced to time served); U.S. v. Wildcat, 2020 U.S. Dist. LEXIS 246297, *1, *3 (D. Idaho Dec. 31, 2020) (Reduced sentence to time served on two counts of second-degree murder); U.S. v. Chaverra-Cardona, 2021 U.S. Dist. LEXIS 7446, *1, *6 (N.D. Ill. Jan. 14, 2021) (Defendant was convicted of conspiracy to kill a witness and an Assistant United States Attorney and life sentence reduced to time served); U.S. v. Espino, 2022 U.S. Dist. LEXIS 174161, *1 (D. Kan. Sept. 26, 2022) (Sentence reduced from life to 360-months after participated in the murder of a cooperating witness); U.S. v. Gray, 2021 U.S. Dist. LEXIS 88855, *1, *20 (D: Md. May 10, 2021) (Defendant was convicted of murder in aid of racketeering and was sentenced to life imprisonment, and his sentence was reduced to time served); Babb v. U.S., 2021 U.S. Dist. LEXIS 105829, *1, *3, *52 (D. Md. June 6, 2021) (Murder in furtherance of a drug trafficking offense. life sentence reduced to 25 years); Brown v. U.S., 2021 U.S. Dist. LEXIS 211172, *40 (D. Md. Oct. 28, 2021) (Life sentence reduced to 37 years); U.S. v. Trenkler, 537 F. Supp. 3d 91 (D. Mass. May 6, 2021) (Life sentence reduced to time served for killing a police officer, and maiming a second officer);

Exhibit 1

U.S. v. West, 2022 U.S. Dist. LEXIS 202370, *2, *20-21 (E.D. Mich. Nov. 7, 2022) Convicted of murder-for-hire and sentenced to life. Sentence reduced to time served); U.S. v. Bass, 514 F. Supp. 3d 977, 979, 989 (E.D. Mich. Jan. 22, 2021) (Defendant was convicted of murder in relation to a drug offense and sentenced to life imprisonment. Defendant's sentence was reduced to time served); U.S. v. Whiting, 2021 U.S. Dist. LEXIS 149760, *18 (E.D. Mich. Aug. 10, 2021) (Defendant was convicted of conspiracy to commit murder in aid of racketeering and his sentence was reduced from 420-months to 240-months imprisonment); U.S. v. Russo, 2022 U.S. Dist. LEXIS 199664, *9, *21-22 (E.D. N.Y. Nov. 2, 2022) (Russo was a Captain in the Colombo Family who was convicted of murder in the aid of racketeering in an organized crime case, and his life sentence was reduced to 35 years imprisonment); U.S. v. Lugo, 2022 U.S. Dist. LEXIS 43458, *4 (E.D. N.Y. Mar. 11, 2022) (The defendant was convicted of racketeering murder and sentenced to life imprisonment, and his sentence was reduced to 30 years imprisonment); U.S. v. Qadar, 2021 U.S. Dist. LEXIS 136980, *1, *37 (E.D. N.Y. July 22, 2021) (Life sentence reduced to time served in a murder for hire case); U.S. v. Asaro, 2020 U.S. Dist. LEXIS 68044, *21 (E.D. N.Y. Apr. 17, 2020) (Defendant was convicted of murder of a cooperating witness and his sentence was reduced to time served); U.S. v. Mongelli, 2020 U.S. Dist. LEXIS 205469 (E.D. N.Y. Nov. 3, 2020) (Defendant convicted of RICO murder and his sentence was reduced to time served); U.S. v. Wong Chi Fai, 2019 U.S. Dist. LEXIS 126774, *13-14 (E.D. N.Y. July 30, 2019) (Life sentence reduced to time served); U.S. v. Rodriguez, 2022 U.S. Dist. LEXIS 8717, *1, *19 (S.D. N.Y. Jan. 18, 2022) (The defendant was convicted of murder in the course of a drug conspiracy and was sentenced to 50 years imprisonment, and his sentence was reduced to 25 years imprisonment); U.S. v. Glynn, 2022 U.S. Dist. LEXIS 32794, *1, *20, *22 (S.D. N.Y. Feb. 24, 2022) (Glynn was a Blood gang member leader who received a life sentence for murder in aid of racketeering, and murder in connection with a drug conspiracy, and his sentence was reduced to 420 months imprisonment); U.S. v. Golding, 2022 U.S. Dist. LEXIS 133940, *4 (S.D. N.Y. July 27, 2022) (Defendant's life sentence reduced to 378 months imprisonment); U.S. v. Ramsey, 538 F. Supp. 3d 407, 409-10, 429 (S.D. N.Y. 2022) (Convicted of two counts of murder in aid of racketeering. Life sentence reduced to 360 months imprisonment); U.S. v. Ramirez, 2021 U.S. Dist. LEXIS 217752, *2-3, *26 (S.D. N.Y. Nov. 9, 2021) (Personally participated in two murders and was a gang leader of a drug organization, and his life sentence was reduced to time served); U.S. v. Ramsay, 2021 U.S. Dist. LEXIS 89741, *45 (S.D. N.Y. May 11, 2021) (Life imprisonment for murder in aid of racketeering reduced to 30 years imprisonment); U.S. v. Lewis, 2021 U.S. Dist. LEXIS 144018, *1, *9 (S.D. N.Y. July 31, 2021) (Defendant life sentence for murder in aid of racketeering was reduced to 30 years imprisonment); U.S. v. Underwood, 2021 U.S. Dist. LEXIS 8378, *2-3, *20-21 (S.D. N.Y. Jan. 15, 2021) (Defendant convicted of RICO murder where at least five murders were committed at the defendant's direction and his life sentence was reduced to time served); U.S. v. Quinones, 2021 U.S. Dist. LEXIS 37628, *1, *13 (S.D. N.Y. Feb. 27, 2021) (Defendant convicted of murdering confidential information and was sentenced to life imprisonment and his sentence was reduced to 35-years imprisonment); U.S. v. Rodriguez, 492 F. Supp. 3d 306, 308, 317 (S.D. N.Y. 2020) (Defendant was serving a mandatory sentence of life for the torture and murder of a

EXHIBIT 1

government informant, and his sentence was reduced to 30 years imprisonment); U.S. v. Gluzman, 2020 U.S. Dist. LEXIS 131749, *6, *65 (S.D. N.Y. July 23, 2020) (Life sentence for the murder of her spouse was reduced to time served); U.S. v. Underwood, 2021 U.S. Dist. LEXIS 8378, *2 (W.D. N.Y. Jan. 15, 2021) (The group was responsible for at least five murders, and one attempted murder, committed at Underwood's direction); U.S. v. Tidwell, 476 F. Supp. 3d 66, 80 (E.D. Pa. 2020) (Defendant's life sentence for murder in furtherance of a CCE reduced to time served); U.S. v. Jenkins, 2021 U.S. Dist. LEXIS 194006, *11-17, *23 (D. S.C. Oct. 7, 2021) (Defendant convicted of VICAR murder, and his life sentence reduced to time served); U.S. v. Belle, 2021 U.S. Dist. LEXIS 199069, *1, *26 (D. S.C. Oct. 15, 2021) (The defendant was convicted of murdering a fellow drug dealer and was sentenced to 324-months which the court reduced to 262-months); U.S. v. Scruggs, 2021 U.S. Dist. LEXIS 137242, *1, *12 (E.D. Va. July 22, 2021) (Life sentence reduced to time served for death which occurred during carjacking).

OTVHY  606.00 *        MALE CUSTODY CLASSIFICATION FORM        *        03-14-2024

PAGE 001 OF 001                                          Exhibit 2    13:05:15

## (A) IDENTIFYING DATA

REG NO..: 55382-053              FORM DATE: 03-14-2024              ORG: OTV

NAME....: SANTOS, MANUEL

                                      MGTV: PSF WAV

PUB SFTY: GRT SVRTY,ALIEN,SENT LGTH    MVED: N/A

## (B) BASE SCORING

DETAINER: (0) NONE                SEVERITY.......: (7) GREATEST

MOS REL.: 540                     CRIM HIST SCORE: (06) 7 POINTS

ESCAPES.: (0) NONE                VIOLENCE.......: (4) 10-15 YRS SERIOUS

VOL SURR: (0) N/A                 AGE CATEGORY...: (0) 55 AND OVER

EDUC LEV: (0) VERFD HS DEGREE/GED DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS

## (C) CUSTODY SCORING

TIME SERVED.....: (3) 0-25%       PROG PARTICIPAT: (2) GOOD

LIVING SKILLS...: (2) GOOD        TYPE DISCIP RPT: (5) NONE

FREQ DISCIP RPT.: (3) NONE        FAMILY/COMMUN..: (4) GOOD

### --- LEVEL AND CUSTODY SUMMARY ---

| BASE | CUST | VARIANCE | SEC TOTAL | SCORED LEV | MGMT SEC LEVEL | CUSTODY | CONSIDER |
|------|------|----------|-----------|------------|----------------|---------|----------|
| +17  | +19  | -1       | +16       | HIGH       | MEDIUM         | IN      | DECREASE |

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

- 4 -

Exhibit 2

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:55382-053, Last Name:SANTOS

**U.S. DEPARTMENT OF JUSTICE**          **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 55382-053 | Risk Level Inmate....: R-LW |
| Inmate Name |   General Level......: R-LW (18) |
|   Last.........: SANTOS |   Violent Level......: R-LW (16) |
|   First........: MANUEL | Security Level Inmate: HIGH |
|   Middle.......: | Security Level Facl..: MEDIUM |
|   Suffix.......: | Responsible Facility.: OTV |
| Gender.........: MALE | Start Incarceration..: 10/28/2005 |

### PATTERN Worksheet Summary

| Item | Value | General Score | Violent Score |
|---|---|---|---|
| Current Age | 64 | 0 | 0 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | TRUE | 5 | 7 |
| Criminal History Points | 7 | 24 | 9 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 4 | 4 | 8 |
| Education Score | HighSchoolDegreeOrGED | -2 | -2 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | 121 | 0 | 0 |
| Time Since Last Serious Incident Report | 121 | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 3 | -6 | -2 |
| Work Programs | 1 | -1 | -1 |
| | Total | 18 | 16 |

### PATTERN Worksheet Details

Item: Programs Completed, Value: 3
General Score: -6, Violent Score: -2
Risk Item Data

| Category – Assignment – Start | | | – Stop |
|---|---|---|---|
| DRG | ED COMP | 12/22/2022 10:20 | |
| EDC | NUTRITION | 05/11/2015 16:25 | 05/11/2015 16:25 |
| EDC | BASIC MATH | 03/23/2020 14:27 | 03/23/2020 14:27 |

------------------------------------------------------------

Item: Work Programs, Value: 1
General Score: -1, Violent Score: -1
Risk Item Data

| Category – Assignment – Start | | | – Stop |
|---|---|---|---|
| WRK | ASMBLY 8 | 09/04/2007 00:01 | 09/04/2007 00:01 |

- 5 -

Exhibit 2

## FSA Needs Reassessment
Register Number:55382-053, Last Name:SANTOS

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Register Number: 55382-053                 Responsible Facility: OTV
Inmate Name                                Assessment Date.....: 01/23/2024
   Last.........: SANTOS
   First........: MANUEL
   Middle.......:
   Suffix.......:
Gender.........: MALE

**Needs Reassessment Worksheet Summary**

| Need Area | - Before/After - | Assignment - | Description |
|---|---|---|---|
| Anger/Hostility | Before | N-ANGER Y | NEED - ANGER/HOSTILITY YES |
|  | After | N-ANGER Y | NEED - ANGER/HOSTILITY YES |
| Antisocial Peers | Before | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
|  | After | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
| Cognitions | Before | N-COGNTV Y | NEED - COGNITIONS YES |
|  | After | N-COGNTV Y | NEED - COGNITIONS YES |
| Education | Before | N-EDUC N | NEED - EDUCATION NO |
|  | After | N-EDUC N | NEED - EDUCATION NO |
| Family/Parenting | Before | N-FM/PAR N | NEED - FAMILY/PARENTING NO |
|  | After | N-FM/PAR N | NEED - FAMILY/PARENTING NO |
| Finance/Poverty | Before | N-FIN PV N | NEED - FINANCE/POVERTY NO |
|  | After | N-FIN PV N | NEED - FINANCE/POVERTY NO |
| Medical | Before | N-MEDICL Y | NEED - MEDICAL YES |
|  | After | N-MEDICL Y | NEED - MEDICAL YES |
| Mental Health | Before | N-M HLTH N | NEED - MENTAL HEALTH NO |
|  | After | N-M HLTH N | NEED - MENTAL HEALTH NO |
| Recreation/Leisure/Fitness | Before | N-RLF N | NEED - REC/LEISURE/FITNESS NO |
|  | After | N-RLF N | NEED - REC/LEISURE/FITNESS NO |
| Substance Abuse | Before | N-SUB AB Y | NEED - SUBSTANCE ABUSE YES |
|  | After | N-SUB AB Y | NEED - SUBSTANCE ABUSE YES |
| Trauma | Before | N-TRAUMA Y | NEED - TRAUMA YES |
|  | After | N-TRAUMA Y | NEED - TRAUMA YES |
| Work | Before | N-WORK Y | NEED - WORK YES |
|  | After | N-WORK Y | NEED - WORK YES |

- 6 -

Exhibit 2

**FSA Recidivism Risk Assessment (PATTERN 01.03.00)**

Register Number:55382-053, Last Name:SANTOS

| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
|---|---|

| | |
|---|---|
| Register Number: 55382-053 | Risk Level Inmate....: R-LW |
| Inmate Name |   General Level......: R-LW (18) |
|   Last.........: SANTOS |   Violent Level......: R-LW (16) |
|   First........: MANUEL | Security Level Inmate: HIGH |
|   Middle.......: | Security Level Facl..: MEDIUM |
|   Suffix.......: | Responsible Facility.: OTV |
| Gender.........: MALE | Start Incarceration..: 10/28/2005 |

**PATTERN Worksheet Details**

Item: Programs Completed, Value: 3

General Score: -6, Violent Score: -2

Risk Item Data

| Category - Assignment - Start | - Stop |
|---|---|
| DRG | ED COMP | 12/22/2022 10:20 | |
| EDC | NUTRITION | 05/11/2015 16:25 | 05/11/2015 16:25 |
| EDC | BASIC MATH | 03/23/2020 14:27 | 03/23/2020 14:27 |

------------------------------------------------------------------------------------

Item: Work Programs, Value: 1

General Score: -1, Violent Score: -1

Risk Item Data

| Category - Assignment - Start | - Stop |
|---|---|
| WRK | ASMBLY 8 | 09/04/2007 00:01 | 09/04/2007 00:01 |

- 7 -

Exhibit 3

TRULINCS  55382053 - SANTOS, MANUEL - Unit: OTV-F-B

--------------------------------------------------------------------------------------------------------

FROM: 55382053
TO: Psychology
SUBJECT: ***Request to Staff*** SANTOS, MANUEL, Reg# 55382053, OTV-F-B
DATE: 05/08/2024 09:17:22 AM

To: Mr. Leslie
Inmate Work Assignment: Head Orderly

I am trying to get into certain program that I have been on the waiting list for e.g., Anger Management, AA, Criminal Thinking but I was told that it goes by release date and those that are First Step Act eligible has prior. Is there any way to get into these programs although I am serving a life sentence? Thank You!

```
   OTVHY  531.01 *              INMATE HISTORY              *    03-13-2024
PAGE 001 OF 001 *               PT OTHER                    *    07:27:44

REG NO..: 55382-053 NAME....: SANTOS, MANUEL
CATEGORY: PTO        FUNCTION: PRT         FORMAT:              Exhibit 4

FCL    ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
OTV    AA WAIT    ALCOHOLICS ANONYMOUS WAIT     03-22-2021 1504 CURRENT
OTV    AARP FND W AARP FOUNDATION FINANCE WAIT  05-04-2022 1212 CURRENT
OTV    ANG M WAIT ANGER MANAGEMENT CBT WAIT     02-25-2021 1049 CURRENT
OTV    CR TH WAIT CRIMINAL THINKING WAIT        02-25-2021 1323 CURRENT
OTV    DIAL BEH W NON-RESOLVE DIAL BEH TX  WAIT 03-22-2021 1503 CURRENT
OTV    MON SM O W MONEY SMART OLDER POP WAIT    03-22-2021 1502 CURRENT
OTV    K2 AWARE C K2 AWARENESS COMP             07-06-2022 0941 08-03-2022 0941
OTV    K2 AWARE P K2 AWARENESS PART             05-10-2022 1511 07-06-2022 0941
OTV    TALK DOC C TALKING WITH YOUR DOCTOR COMP 07-25-2022 1538 07-25-2022 1538
OTV    TALK DOC P TALKING WITH YOUR DOCTOR PART 07-25-2022 1537 07-25-2022 1538
OTV    TALK DOC W TALKING WITH YOUR DOCTOR WAIT 07-25-2022 1319 07-25-2022 1537
OTV    K2 AWARE W K2 AWARENESS WAIT             03-22-2021 1504 05-10-2022 1511
OTV    ULKEY6 W    ULTRA KEY 6 TYPING SKILLS WAIT 03-22-2021 1502 01-31-2022 1243
OTV    BRN HLTH W BRAIN HEALTH AS YOU AGE WAIT  03-22-2021 1502 10-05-2021 1920

G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

- 9 -

```
  OTVHY          *        INMATE EDUCATION DATA        *      03-13-2024
  PAGE 001 OF 001 *              TRANSCRIPT            *      07:27:05
                                                                    Exhibit 4
  REGISTER NO: 55382-053     NAME..: SANTOS            FUNC: PRT
  FORMAT.....: TRANSCRIPT    RSP OF: OTV-OTISVILLE FCI
```

```
-------------------------- EDUCATION INFORMATION --------------------------
FACL ASSIGNMENT DESCRIPTION                  START DATE/TIME STOP DATE/TIME
OTV  ESL HAS   ENGLISH PROFICIENT            04-13-2006 1436 CURRENT
OTV  GED HAS   COMPLETED GED OR HS DIPLOMA   03-29-2023 1431 CURRENT
```

```
-------------------------- EDUCATION COURSES ---------------------------
SUB-FACL   DESCRIPTION                   START DATE  STOP DATE EVNT AC LV  HRS
CLP        HEALTHY MIND JOURNALING       10-29-2020 01-29-2021  P  C  P   24
CLP        BASIC MATHEMATICS ACE CLASS   03-23-2020 04-02-2020  P  C  P   20
CLP        NUTRITION; HEALTHY HABITS     05-11-2015 12-09-2015  P  C  P   20
LEW        PRE-GED CLASS M-F 730-9AM.    01-09-2007 10-19-2007  P  W  I  178
LEW        WAITING LIST FOR PGED CLASS   10-26-2006 01-09-2007  C  W  I    0
BRO M      AT RISK PER HSA & SOR PS 6000 10-29-2001 10-14-2003  P  C  P   10
BRO M      FILM FORUM CLS 2S MON 6-9PM   04-29-2002 10-14-2003  P  C  P   25
```

```
-------------------------- HIGH TEST SCORES ----------------------------
TEST       SUBTEST         SCORE     TEST DATE    TEST FACL  FORM     STATE
ABLE       LANGUAGE         3.6     10-26-2006     LEW        F
           NUMBER OPR       5.1     10-26-2006     LEW        F
           PROB SOLV        6.1     10-26-2006     LEW        F
           READ COMP        7.6     10-26-2006     LEW        F
           SPELLING         6.8     10-26-2006     LEW        F
           VOCABULARY       9.4     10-26-2006     LEW        F
TABE M     BATTERY          3.3     10-28-2011     CLP        10
           LANGUAGE         2.1     10-28-2011     CLP        10
           MATH APPL        3.4     10-28-2011     CLP        10
           MATH COMP        4.2     10-28-2011     CLP        10
           READING          4.7     10-28-2011     CLP        10
           TOTAL MATH       3.7     10-28-2011     CLP        10
```

```
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

- 10 -

```
   OTVHY        *            INMATE DISCIPLINE DATA          *      03-13-2024
PAGE 001 OF 001 * CHRONOLOGICAL DISCIPLINARY LOG (CONDENSED) *      07:28:49
```

Exhibit 4

```
REGISTER NO: 55382-053 NAME..: SANTOS, MANUEL
FUNCTION...: PRT      FORMAT: CONDENSED LIMIT TO ___ MOS PRIOR TO 03-13-2024

HEARING DT REPORT# PROHIBITED ACT / DESCRIPTION        SANCTION(STATUS) COMP LAW
---------- ------- --- ----------------------------- ---------------- ---- ---
12-04-2013 2522439 104 POSSESSING A DANGEROUS WEAPON  DS
                                                      IMPOUND
                                                      LP COMM
                                                      LP EMAIL

09-06-2012 2347151 104 POSSESSING A DANGEROUS WEAPON  DS
                                                      LP EMAIL
                                                      LP PHONE

01-24-2011 2115109 328 GIVING/ACCEPTNG MONEY W/O AUTH LP PHONE

09-02-2009 1902783 298 INTERFERING W/STAFF-HIGH       DS
                                                      LP COMM
                                                      LP VISIT

06-01-2005 1345594 307 REFUSING TO OBEY AN ORDER      LP VISIT
                   312 BEING INSOLENT TO STAFF MEMBER LP VISIT

12-03-2004 1288048 317 FAILING TO FOLLOW SAFETY REGS  LP VISIT
```

```
G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

- 11 -

```
  OTVHY  531.01 *            INMATE HISTORY         *      03-13-2024
  PAGE 001       *              WRK DETAIL          *      07:28:11
```

REG NO..: 55382-053 NAME....: SANTOS, MANUEL                    **Exhibit 4**
CATEGORY: WRK         FUNCTION: PRT      FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| OTV | ORD UNITFB | UNIT FB ORDERLY | 03-03-2023 1154 | CURRENT |
| OTV | WK POOL AM | WORK POOL - 6:00 11:00 | 06-22-2021 1202 | 03-03-2023 1154 |
| OTV | ELECTRIC | ELECTRIC | 05-08-2021 1605 | 06-22-2021 1202 |
| OTV | INST A&O | NEEDS INSTITUTION A&O | 02-23-2021 1520 | 05-08-2021 1605 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 02-10-2021 1705 | 02-23-2021 0930 |
| CLP | COMPD N-PM | / | 12-27-2013 0001 | 02-10-2021 1020 |
| CLP | UNASSG | UNASSIGNED | 12-26-2013 1251 | 12-27-2013 0001 |
| CLP | UNASSG/DS | / | 12-06-2013 1434 | 12-26-2013 1251 |
| CLP | UNASSG/AD | / | 12-03-2013 1313 | 12-06-2013 1434 |
| CLP | COMPD N-AM | / | 09-28-2012 0001 | 12-03-2013 1313 |
| CLP | UNASSG/AD | / | 09-06-2012 2311 | 09-28-2012 0001 |
| CLP | COMPD N-PM | / | 07-15-2012 0001 | 09-06-2012 2311 |
| CLP | UNASSG | UNASSIGNED | 07-13-2012 0001 | 07-15-2012 0001 |
| CLP | PM RECYARD | / | 07-11-2012 0001 | 07-13-2012 0001 |
| CLP | UNASSG | UNASSIGNED | 04-21-2011 1318 | 07-11-2012 0001 |
| CLP | A&O | / | 04-07-2011 1058 | 04-21-2011 1318 |
| ATL | DCU UNASSG | DETENTION CENTER UNASSIGNED | 04-07-2011 0752 | 04-07-2011 0819 |
| ATL | DCU UNASSG | DETENTION CENTER UNASSIGNED | 03-30-2011 1900 | 04-07-2011 0542 |
| BRO | UNASSG | UNASSIGNED WORK ASSIGNMENT | 11-17-2010 1710 | 03-30-2011 0442 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 11-09-2010 1641 | 11-17-2010 0730 |
| CLP | A&O | / | 11-07-2010 1546 | 11-09-2010 0542 |
| CLP | RECWEEKEND | WEEKEND WORKERS | 11-02-2010 1817 | 11-07-2010 1546 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 10-25-2010 1648 | 11-02-2010 0859 |
| BRO | UNASSG | UNASSIGNED WORK ASSIGNMENT | 10-29-2009 1103 | 10-25-2010 0847 |
| BRO | UNITGC ORD | UNIT GC ORDERLY | 10-19-2009 1450 | 10-29-2009 1103 |
| BRO | UNASSG | UNASSIGNED WORK ASSIGNMENT | 01-14-2009 1606 | 10-19-2009 1450 |
| ATL | DCU UNASSG | DETENTION CENTER UNASSIGNED | 01-13-2009 1930 | 01-14-2009 0804 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 01-06-2009 1820 | 01-13-2009 0850 |
| CLP | RECWEEKEND | WEEKEND WORKERS | 10-21-2008 1509 | 01-06-2009 1013 |
| CLP | RECWEEKEND | WEEKEND WORKERS | 07-26-2008 0001 | 10-21-2008 1227 |
| CLP | UNASSG | UNASSIGNED | 03-26-2008 1420 | 07-26-2008 0001 |
| CLP | A&O | / | 03-20-2008 0715 | 03-26-2008 1420 |
| CLP | UNASSG | UNASSIGNED | 02-17-2008 1519 | 03-20-2008 0715 |
| CLP | UNASSG/AD | / | 01-07-2008 1050 | 02-17-2008 1519 |
| CLP | UNASSG | UNASSIGNED | 01-04-2008 1608 | 01-07-2008 1050 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 12-03-2007 1715 | 01-04-2008 0820 |
| LEW | UNASSG | UNASSIGNED WORK DETAIL | 09-11-2007 0928 | 12-03-2007 0853 |
| LEW | ASMBLY 8 | ASSEMBLY 8 | 09-04-2007 0001 | 09-11-2007 0928 |
| LEW | VACATION | VACATION | 08-28-2007 0001 | 09-04-2007 0001 |
| LEW | ASMBLY 8 | ASSEMBLY 8 | 08-14-2007 1106 | 08-28-2007 0001 |
| LEW | ASMBLY 8 | ASSEMBLY 8 | 12-11-2006 0001 | 08-14-2007 0940 |

G0002      MORE PAGES TO FOLLOW . . .

```
  OTVHY  531.01 *              INMATE HISTORY          *     03-13-2024
PAGE 002 OF 002 *               WRK DETAIL             *     07:28:11
```
**Exhibit 4**

```
REG NO..: 55382-053 NAME....: SANTOS, MANUEL
CATEGORY: WRK        FUNCTION: PRT      FORMAT:

FCL   ASSIGNMENT  DESCRIPTION              START DATE/TIME STOP  DATE/TIME
LEW   WELD 2      WELDING 2                11-01-2006 0001 12-11-2006 0001
LEW   IDLE 1      IDLE #1 - 1 DAY          10-31-2006 0833 11-01-2006 0001
LEW   WELD 2      WELDING 2                10-31-2006 0816 10-31-2006 0833
LEW   WELD 2      WELDING 2                06-12-2006 0001 10-31-2006 0718
LEW   PM DINE RM  PM DINE ROOM             05-18-2006 0105 06-12-2006 0001
LEW   UNASSG      UNASSIGNED WORK DETAIL   05-17-2006 0921 05-18-2006 0105
LEW   UNASSG      UNASSIGNED WORK DETAIL   05-17-2006 0728 05-17-2006 0802
LEW   PM DINE RM  PM DINE ROOM             04-11-2006 0936 05-17-2006 0728
LEW   FOOD SVC    FOOD SERVICE             04-10-2006 0001 04-11-2006 0936
LEW   UNASSG      UNASSIGNED WORK DETAIL   03-22-2006 1153 04-10-2006 0001
BRO   UNASSG      UNASSIGNED WORK ASSIGNMENT 02-08-2006 1200 03-22-2006 0700
BRO   UNASSG      UNASSIGNED WORK ASSIGNMENT 12-28-2005 1413 02-08-2006 1020
BRO   UNASSG      UNASSIGNED WORK ASSIGNMENT 10-28-2005 0802 12-28-2005 1133
BRO   UNASSG      UNASSIGNED WORK ASSIGNMENT 12-18-2003 2005 10-28-2005 0800
BRO   UNASSG      UNASSIGNED WORK ASSIGNMENT 04-18-2001 2153 09-08-2003 2319
```

```
G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

- 13 -

Exhibit 5

# Motivational Hour

To **PROMOTE** FSA Programming Participation.

Hosted By: DTS Mr. Leslie and the Lifer Group

Date: Thursday, May 2, 2024

Time: 12:30 PM – 2:30 PM

Location: Chapel

# Singing

# Dancing

# Comedy ETC...

-Inmates who are interested will be required to submit a handwritten Cop Out to DTS Mr. Leslie.

-Positive messages ONLY," To include what you have done to better yourself.

**There will be no profanity or gang signs tolerated.**

-Inmates will need to remain disciplinary free from the time of the flyer till the day of the event.

-Inmates will need to present performance to DTS Mr. Leslie for approval.

# Rap

# Poetry

SANTOS MANUEL 55552052

Exhibit 5

# LIFER'S PROGRAM
## ANNOUNCEMENT

We will be having a peer to peer support group

Monday, <u>April 1st</u>

1:30pm in the Chapel

If interested (not mandatory), please show up
to the Chapel for the 1:30pm program move.

## PROGRAM FACILITATORS

Dr. De Gracia

Mr. Leslie

Mrs. Fernandez



## LIFERS GROUP

Date: February 5, 2024                              Exhibit 6

From: Lifers Group Program Facilitators:


     Mr. Leslie          Mrs. Fernandez          Ms. De Gracia

To: Warden Jamison

    Captain Argir

Subject: Implementation of NA Program


Purpose: To target at risk inmates at F.C.I. Otisville and
         provide peer-to-peer inmate drug counseling in weekly
         group sessions


Inmate Program Coordinators:

     Gregory Milton, VP Individual Development

     Walter Johnson, VP Community Development

     Manuel Santos, NA Unit Facilitator


Program Incentives:

     Recognized First Step Act credits

     Graduation Certification upon completion

Program Goals:

    1) To provide F.C.I. Otisville inmate population with drug
       educational information to combat illicit drug use.

    2) To provide a safe and non-confrontational opportunity to
       address individual substance abuse issues and begin a
       road to recovery.

    3) Target individual inmates that are found to repeatedly
       use illicit substances, and offer an alternative to
       disciplinary punishment that is contingent on full
       participation and completion of NA Program.

    4) Require mandatory placement for individual inmates found
       to use illicit substances through contract with their
       respective Unit Team.


- 16 -

Exhibit 7

Glenn Velez
2600 S. Leonard Av.
Chandler, AZ 85286

4 DEC 2023    PHOENIX AZ    PM 1

FOREVER USA

107

Manuel Santos
#33382-053

FCI OTISVILLE
Federal Correc. Institution
P.O. Box 1000
OTISVILLE, NY 10963

- 17 -



*Thinking* about you,
*praying* for you,
*believing* in you.

*Expressions*
FROM
*Hallmark*

- 18 -



This card is made with paper sourced
from responsibly managed forests.

TM/MC & ©HALLMARK
HALLMARK.COM
MADE IN U.S.A.

LAG1577
5831684

7 26528 52805 4

Guillermo
2600 S. Leonard R.
Chandler A3 85386

7019 0140 0000 9794 8685

CERTIFIED MAIL

7019 0140 0000 9794 8685

Manuel Santos #55382-053

FCI Otisville
Fed Correctional Inst.
P.O. Box 1000
Otisville, NY 10963

10963-100000



R2304M110364
U.S. POSTAGE ™
$5.08
FCML  RDC 99
Orig: 85286
Dest: 10963
03/25/24
2000051784
02    BW

FG10-L

March 24, 2024

HELLO JUDGE, MY NAME IS EILEEN VELEZ AND I AM MANUEL'S SANTOS EX WIFE THE MOTHER OF HIS TWO DAUGHTERS; WE MET WHEN I WAS AROUND 10 YEARS OLD IN THE DOMINICAN REPUBLIC, OUR FAMILIES LIVED AROUND THE CORNER FROM EACH OTHER, WHEN I TURNED 18, I RETURNED AND MARRIED HIM. WHEN HE ARRIVED IN THE U.S. WE LIVED WITH MY MOM AND OF COURSE IT WAS HARD BUT HE WAS A HARD WORKER AND QUICKLY WON MY MOM OVER, SHORTLY AFTER HIS ARRIVAL I GOT PREGNANT WITH OUR FIRST DAUGHTER ANGELICA, WHAT AN AMAZING TIME FOR US, SHE LOOKS JUST LIKE HIM, AND SHE OF COURSE SUFFERED THE MOST WHEN WE ENDED OUR MARRIAGE BECAUSE SHE WAS JUST SO ATTACHED TO HIM, BUT HE CAME AROUND AND TOOK HER AND SPENT AS MUCH TIME AS I WOULD ALLOW, YOU KNOW I WAS YOUNG AND VERY INSECURE AND DIDN'T WANT MY BABY AWAY FROM ME.

IT WAS A HARD SITUATION AT THE TIME FOR ALL OF US, ESPECIALLY SINCE BY THEN I HAD MELINA, AND SHE WAS ALWAYS SO SICK, SHE WAS IN THE HOSPITAL FOR UPTO 42 DAYS AT A TIME SUFFERING FROM PNEUMONIAS AND BREATHING PROBLEMS AND COUNTLESS OTHER ISSUES WHERE SHE COULDN'T BE OUT OF AN OXYGEN TENT FOR LONG PERIODS OF TIME, BUT THANK GOD SHE OVERCAME AND OUTGREW HER HEALTH ISSUES. I DID HAVE TO MOVE TO COLORADO BECAUSE THE AIR QUALITY AND JUST OVERALL LIFESTYLE WAS MUCH BETTER FOR HER THEN LIVING IN EAST NEW YORK BROOKLYN. (IM NOT HATING ON BROOKLYN, IMMA BROOKLYN GIRL THROUGH AND THROUGH) BUT I WANTED BETTER FOR MY GIRLS AND I THANK GOD EVERYDAY I MADE THAT MOVE.

THEY ARE AMAZING YOUNG WOMEN WITH FAMILIES OF THEIR OWN AND SUPER BEAUTIFUL SOULS WITH NOTHING TO GIVE BUT THEMSELVES. THEY ARE EXCITED AND HOPEFUL TO BEGIN A RELATIONSHIP WITH THEIR FATHER, I KNOW ANGIE REMEMBERS HIM AND THEY HAVE HAD CONTAC AND SHE HAS BEEN IN TO VISIT HIM AND EVEN BROUGHT MY GRAND DAUGHTER LYRIC UP FOR A VISIT, I TOO DROVE FIVE HOURS TO THE FLORIDA FACILITY AND WAS UNABLE TO MAKE IT IN, ONE TIME HE FORGOT TO DO SOMETHING ON HIS END AND THE OTHER TIME THERE WAS A LOCKDOWN THEN HE WAS TRANSFERRED TO NY, BUT WE ARE ALL HAPPY FOR HIM TO HAVE A SECOND CHANCE AT HAVING A RELATIONSHIP NOT ONLY WITH HIS GIRLS BUT HIS GRANDCHILDREN, HE HAS THREE ALL TOGETHER.

WE MOVED TO ARIZONA DURING LAST YEARS SUMMER FOR MY SON IN LAWS WORK, AND I JUST RECENTLY STARTED WORKING IN DECEMBER SO THAT IS JUST ONE OF THE REASONS WHY I HAVENT PERSONALLY HAVENT BEEN TO VISIT HIM AND JUST COMMUNICATE VIA EMAIL AND IM SO BAD AT THAT AT TIMES, HIS FAMILY IN THE DOMINICAN REPUBLIC ARE ALL WATING FOR HIM, HE IS ONE OF THE YOUNGER BROTHERS AND SINCE HIS ENCARCERATION, HES LOST 3 SIBLINGS, THE RECENT ONE BEING JUST A FEW MONTH AGO, THAT I HAVENT EVEN TOLD HIM YET.

IN THE DOMINICAN REPUBLIC, HIS FAMILY IS MAKING PREPARATIONS FOR HIS ARRIVAL WITH THE LOCAL PUBLIC AGENCIES SO THAT HE'LL BE ABLE TO MAKE A LIFE ONCE HE GETS THERE. HE HAS HIS LANDS THAT HIS PARENTS LEFT HIM THAT HE'LL BE ABLE TO PUT TO WORK THEY HAVE A COMMERCIAL PROPERTY THAT IS BEING USED TO THIS DAY AND ITS READY FOR HIM TO JUMP RIGHT IN AND HELP OUT HIS FAMILY IN HIS RIGHTFUL PLACE. HIM BEING SENT TO THE DOMINICAN REPUBLIC IS THE BEST DECISION THAT CAN BE MADE ON HIS BEHAVE; I MYSELF AM LOOKING FORWARD TO US PICKING BACK UP AND MAYBE EVEN HAVE A SECOND CHANCE AT US TOO. THANK YOU SO MUCH FOR TAKING THE

TIME TO READ MY LITTLE LIFE STORY SO TO SPEAK SINCE I WAS VERY YOUNG WHEN WE MET, HE'S BEEN AROUND FOR MOST OF MY LIFE....I DO MISS HIM, HIS SISTER MISSES HIM, HIS BROTHERS MISS HIM AND MOST IMPORTANTLY HIS DAUGHTERS AND GRANDKIDS. I CAN'T WAIT FOR THE DAY HE GETS TO GO HOME. THANK YOU AGAIN FOR YOUR TIME AND CONSIDERATION AND PATIENCE AND EVERYTHING YOU HAVE DONE FOR US. THANK YOU. IF YOU HAVE ANY QUESTIONS OR CONCERNS, PLEASE REACH OUT TO ME 720-501-1623 I WOULD LOVE TO PUT AT EASE IF ANY COME UP. WE LOVE HIM AND WANT HIM HOME. THANK YOU AGAIN.

Very truly yours,

Eileen Velz

2620 S. Leonard Pl.

Chandler, Az. 85286

720·501·1623

Az DL# A85851063

¡Hola Chulo! Te mando esta
tarjetita para que animes tu
mientras pasar estos dias dia tu salida.
te de un poco de animo tu
Lindo y realo vizcamele yo pero nente
mientras mucho yo pero nente
pronto querer quiete y que yo
Te cuide -
fin



I know you have
all the strength you need
to make it through.

To whom it may concern -

I have been thinking a lot about how to express my feelings and my daughters feelings, from the beginning of this letter I am stating that I did not ask my girls to write a letter on his behalf as I have to think of my girls and their feelings and how it played a huge part on both their lives, I thought it would be unfair to ask them to write about a father they do not know, why open up old feelings, and disappointment this is about him and I can speak for my girls. As for me I am more than happy that he will have a chance to be that dad he wasn't able to be, it's never too late to be in your childrens lives and the girls

- 20 -

- 21 -

scared I'm sure because it's something new to them, they are grown women with families of their own at this point, he has a lot to explain and make-up for, time to answer your daughters hard questions, Meline doesn't have any memories of him, she spent her first two years in a hospital room, my Angie does remember her dad and she even has his picture in her living room, she's been to visit him couple time, she lous him, she doesn't really answer his calls because she just hurt + wishes his calls were to say, I'm coming to see you or let's go get lunch instead of her being denied his is prison especially

He has so many ~~people~~ family that have passed on, not many siblings remain, hopefully he can go home and have a chance at a second life. I myself have been praying and hoping and waiting on him to come home. I've always believed in him + his innocence. I know he's a changed person just by our conversations and I just pray for my girls + grandkids sake that he gets, that they get a chance at a life with their dad and grandfather. I didn't have my dad, my son didn't have his, my girls have a chance now, we are waiting for him to come home, he does have family that loves and need him, It was hard on myself raising

and accepting of everything I
went thru, I just want what's
right to be right I hope you
understand why I didn't ask
my girls to write a letter, they are
hard and they suffered enough not
having him around as babies — Not
sure if what I wrote is what needed
to be said but all i know it came
from my heart; I have bad arthritic
hands so my writing is all over the place
but what I wrote is my truth; we want
him home enough time has passed.
God is good all the time. Amen. —
Please understand me as a mother protecting her girls.
Thank-you for your time and for your
help!

Eileen Velez

720-501-1623

55382-053

Office of the Clerk
U S District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201



Mr. Manuel Santos
Reg. No. 55382-053
F.C.I. Otisville
Post Office Box 1000
Otisville, New York 10963



IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

            Plaintiff,

      v.

MANUEL SANTOS

            Defendant.

Crim. Case No. 01-Cr-537

U.S. District Judge

Honorable Allyn R. Ross

REC'D IN PRO SE OFFICE
JUN 5 '24 PM 4:18

---

## MOTION FOR REDUCTION OF SENTENCE
### UNDER TITLE 18 U.S.C. §3582(c)(1)(A)
### REQUESTING COMPASSIONATE RELEASE

Comes Now, Manuel Santos, the undersigned Pro se Defendant, and respectfully request that this Honorable Court consider this motion for Compassionate Release pursuant to Title 18 United States Code Section 3582(c)(1)(A), based on the Amendment 814 to the United States Sentencing Guidelines ("Guidelines"), §1B1.13(b)(6), (c), (d) and (e), hereby invoking its discretion to reduce Defendant's current term of imprisonment to a term of three-hundred sixty (360) months imprisonment.

In support of this Honorable Court granting the discretionary relief sought herein, Defendant states as follows based in law and fact.

- 1 -

## INTRODUCTION

Defendant Santos is presently serving a sentence of life imprisonment and a consecutive sentence of one-hundred twenty (120) months for two (2) CCE murder offenses and use of a firearm.

Thus, Santos now moves in a pro se capacity for this Honorable Court to invoke its discretion after exhaustion of his administrative remedies, by submitting a written request to the Warden of the facility he is currently housed in, as required by statute following the enactment of the First Step Act of 2018.

Santos now files this request for compassionate release based on his "Unusually Long Sentence" when compared to both the National and Second Circuit average sentence for defendants convicted of murder.

## PROCEDURAL HISTORY OF THE CASE

In 2001, Defendant Santos was indicted with others for two (2) counts of murder while engaging in a drug conspiracy in violation of Title 21 U.S.C. §848(e)(1)(A) and §§846, 841(b)(1)(A), along with one (1) count of use of a firearm during and in relation to a crime of violence to wit: the murder counts under §848(e)(1)(A). (See Case No. 01-Cr-00537, Docket Entry No. 7; hereafter, "Doc. #___").

Mr. Santos proceeded to trial, and was convicted by a jury

- 2 -

of all three (3) aforementioned counts in November 19, 2004. (Doc. #47). At sentencing, the court imposed terms of imprisonment for life on Counts One and Two to run concurrent with each other, and a consecutive term of imprisonment of one hundred twenty (120) months on Count Three. (Doc. #67).

Mr. Santos filed an appeal attacking his conviction and sentence which was affirmed by the United States Court of Appeal for the Second Circuit. See <u>United States v. Santos</u>, 541 F.3d. 63 (2nd Cir. 2008), cert. denied, <u>Santos v. United States</u>, 555 U.S. 1122 (2009). Thereafter, the district court denied the Rule 33 motion filed by Mr. Santos. <u>United States v. Santos</u>, U.S. Dist. Lexis 76199 (S.D.N.Y. July 27, 2010), affirmed 489 Fed. Appx. 133 (2nd Cir. 2012).

On May 24, 2013, Mr. Santos sought to collaterally attack his conviction and sentence in a motion under 28 U.S.C. §2255 which was subsequently denied along with a certificate of appealability. See <u>United States v. Santos</u>, U.S. Dist. Lexis 57401 (S.D.N.Y. April 17, 2014).

Following the passage of the First Step Act of 2018, Mr. Santos requested consideration for relief under 28 U.S.C. §3582(c)(1)(A), after this initial motion was denied on February 8, 2021. After Defendant Santos' initial request for relief under §3582(c)(1)(A) was denied, he filed a second §3582(c)(1)(A) motion to this Court which was also denied. See <u>United States v. Santos</u>, 216763 (S.D.N.Y. November 9, 2021). A supplemental §3582(c)(1)(A) motion was filed in this Court; (see Doc. #186), before filing his final motion for compassionate release which

this Court viewed as his fourth §3582(c) motion which was denied. See <u>United States v. Santos</u>, U.S. Dist. Lexis 168744 (S.D.N.Y. September 19, 2022).

Given the recent Amendments to the Guidelines that allow for a federal prisoner to seek compassionate release based on an "Unusually Long Sentence", defendant Santos now moves this Honorable Court in a pro se capacity for a reduction in his sentence. Specifically, defendant Santos seeks his concurrent life sentences be reduced to two hundred forty (240) months, consecutive to the one hundred twenty (120) months for a total of three hundred sixty (360) months.

## ARGUMENT FOR COMPASSIONATE RELEASE

### Extraordinary and compelling reasons exists that supports reducing Santos' request for a sentence reduction.

This Court is familiar with this defendant's previous requests for compassionate release which it denied on two occasions; see <u>Santos</u>, Lexis 216763 and <u>Santos</u>, Lexis 168744. In defendant Santos' initial motion for compassionate release, this Court denied relief "on the grounds that Mr. Santos had failed to exhaust his administrative rights, and even if he had exhausted them, he had not presented extraordinary and compelliing reasons warranting release." <u>Santos</u>, Lexis 216763 (citing Defendant's January 12, 2021 motion).

When addressing defendant Santos' subsequent motion for compassionate release, this Court found that because he "has

- 4 -

failed to demonstrate that extraordinary and compelling reasons exists, [the Court] need not turn to the §3553(a) factors." Id., at *15. Then in addressing the final compassionate release motion, filed by defendant Santos, this Court rejected his claim that "intervening changes in law and fact" were present after its analysis of the "extraordinary and compelling circumstances" alleged. Santos, Lexis 168744 *9-10. Consequently, this Court again concluded "that there ha[d] been no changes in law and fact that justify a reduction in Mr. Santos' sentence." Id., Moreover, the Court also rejected defendant Santos' argument that Alleyne v. United States, 570 U.S. 99 (2013), provided the extraordinary and compelling reasons necessary to grant compassionate release in his case. Id., *11. Thus, in rejecting relief, this Court found that "Mr. Santos d[id] not identify a question he believes the jury failed to find by a preponderance of the evidence," Id., *12.

However, in determining whether defendant Santos has demonstrated "extraordinary and compelling reasons" in the context of a sentence reduction based on a non-retroactive intervening change in law, the current amended guidelines require a more indepth inquiry. First of all, as this Court must acknowledge, the Sentencing Commission expanded the reasons for considering a defendant's request for compassionate release. See U.S.S.G. Amendment 814 (which recognizes that an "Unusually Long Sentence" may qualify if a defendant "has served at least 10 years of the term of imprisonment [then] a change in the law...may be considered in determining whether a defendant presents an extraordinary and compelling reason, [when] such change would

- 5 -

produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances").

In this instance, defendant Santos received two (2) concurrent life sentences for his involvement in the murder of two individuals, in violation of §848(e)(1)(A)--Counts One and two, and a consecutive sentence of one hundred twenty (120) months for the use of a firearm in violation of §924(c).

For purposes of this motion, defendant Santos seeks a reduction of his life sentences to current terms of two hundred forty (240) months, the mandatory minimum term of imprisonment under the CCE murder statute based on Alleyne, supra; see also, United States v. Taylor, 726 F.3d. 661 n. 9 (2nd Cir. 2013)(recognizing the holding in Alleyne which states "any fact that increases the mandatory minimum sentence for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt").

Significantly, the change in law in Alleyne provides the extraordinary and compelling reasons to grant defendant Santos the requested reduction, especially when considered with the §3553(a) factors. This is because the principle in Alleyne, which requires that the jury make the necessary finding to increase the mandatory minimum sentence a defendant can receive in this case. That is whether defendant was the specific individual who committed the murders amounts to the extraordinary and compelling reasons for a reduction. Particularly when, the instructions given to the jury in defendant Santos' case does not support it found that he was

- 6 -

involved as the actual triggerman in the murders, as opposed to a mere aider or abettor to the crimes which supports his lesser culpability.

This is significant because if the jury did not make that specific finding--i.e., defendant Santos was the individual who shot the victims which is arguable in this case; (see Trial Transcripts, p. 894; hereafter, "T.Tr., p.___"), the absence of such finding implicates Alleyne. The principle in Alleyne is implicated in the jury's request to have a key piece of evidence reviewed during deliberations, which further supports that it was uncertain as to defendant Santos' specific role as the perpetrator or aider or abettor in the offense. (See T.Tr., pp. 926-27)(honoring request by jury to have video replayed which alleged ly showed the gunman's vehicle at scene of the murders). This is a demonstratively important fact, given that the government placed before the jury admittedly false evidence through its witness who was alleged a trial to be the videographer, but provided "testimony in the Santos trial [which] had not been truthful[.]" associated with this fact (See May 8, 2007 Letter from Asst. U.S. Attorney).

Additionally, even assuming that a defendant convicted of murder would be assigned a guideline level of 43 under U.S.S.G. §2A1.1, given the non-retroactive Supreme Court decision in Booker allows for the guideline to be applied in an advisory fashion. Thus, this point further establishes the extraordinary and compelling reasons in these proceedings. See U.S.S.G. §1B1.13(e)(Foreseeability of Extraordinary and Compelling

- 7 -

Reasons). Therefore, viewing both the non-retroactive decisions in Alleyne and Booker in the context of defendant Santos' request for compassionate release as amended by the Sentencing Commission, this Court should now find the extraordinary and compelling reasons it previously rejected in its prior rulings. See Santos, Lexis 216763 and Lexis 168744. Significantly, when defendant Santos' rehabilitation, period of incarceration served and the gross disparity between the sentence imposed and what would be considered the appropriate sentence now arguably warrants a reduction currently.

In light of the foregoing, the relevant §3553(a) factors support reducing defendant Santos' concurrent life sentences to two hundred forty (240) months, when considered with the consecutive one hundred twenty (120) month sentence he is serving for a total of three hundred sixty (360) months.

Relevant §3553(a) factors support
the reduction of Santos' sentence
to two hundred forty (240) months.

When a Court begins its §3553(a) analysis, it starts with "the nature and circumstances of the Offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). Beginning with the severity of the offense defendant Santos' was convicted of cannot to overstated. The actions for which defendant Santos' was convicted of taking part in by a jury is a particularly heinous crime i.e., the murder of two individuals based on a drug conspiracy charge. See United States v. Santos,

- 8 -

341 F.3d. 63 (2nd. Cir. 2008). These actions undisputably inflicted immeasurable harm on the community and undeniably rank among the most serious offenses that a person can commit thereby making a correspondingly sever sentence undoubtedly warranted.

Consequently, there are additional factors concerning this defendant which support this Court's discretion to consider leniency in light of the changes in sentencing law. For example, the sentencing trend for imposition of life sentences for murder has significantly deceased nationally. See Sentencing Commission Statistical Information Packet, Table 7 pg. 11 (showing the mean average for murder is 261 months while the median average was 240 in Fiscal Year 2022). The average in the Second Circuit has been found to be 255 months. See United States v. Lugo, U.S. Lexis 43458 (E.D.N.Y. March 11, 2022)(recognizing the recent sentence for murder in federal court is "slightly over 20 years"). Thus, as serious as the offense of murder has been determined to be courts have trended downward on imposing mandatory life sentences for defendant's convicted of murder. Moreover, the "history and characteristics" of defendant Santos cannot be viewed in a vacuum, and the court must weigh other factors in its analysis concerning the person defendant Santos is today. See Peppers v. United States, 562 U.S. 476, 492 (2011)(stating that court should view defendant at the time of post-sentencing because it "provides the most up-to-date picture of [his] 'history and characteristics'"). For instance, although defendant Santos has accumulated several disciplinary infactions, he has not received a single incident report since 2013--over ten years, which attest to his growth and

- 9 -

progress. Besides, an inmate having a few disciplinary incidents during his initial incarceration does not necessarily weigh against him, especially when his disciplinary concerns taper off. See United States v. Fenner, U.S. Dist. Lexis 65585 *12-13 (D.Md. April 8, 2022)(Fenner has exceptional disciplinary record, with only 12 infractions over 22 years in custody-almost half of which were issued during his first 5 years in prison, and absolutely none of which occurred in the last 13 years); United States v. Juarez-Parra, U.S. Dist. Lexis 173106 *2 (D.NM September 22, 2020)(Defendant's disciplinary records shows that while he has sustained several infractions, the most recent of which in 2017, they are largely non-violent, his sentence reduced to time served)|| United States v. Ramirez, U.S. Dist. Lexis 173414 *19 (S.D.N.Y. September 13, 2021)("While in prison, defendant has committed a number of disciplinary infractions, including several violations for fighting and possession of drugs, most of defendant's infractions took place more than 10 years ago, however, and he has had no disciplinary violations in the last 5 years"); United States v,. Dubois, U.S. Dist. Lexis 29848 (E.D.Pa. March 31, 2021)(finding defendant was not a danger to the community in part because he has received only 6 disciplinary infractions in over 16 years and none in the past ten years).

Turning to the §3553(a)(2) factors, which "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. As shown above, it has been found that three hundred sixty (360) month sentence unscores the seriousness of the actions defendant Santos was convicted of,

while promoting general deterrence, and ensures public safety. It should be especially noting, that defendant Santos will be deported upon completion of his sentence. See United States v. Birkett, U.S. Dist. Lexis 112714 (E.D.N.Y. June 29, 2023)(recognizing courts have held that subsequent deportation "may be considered when balancing the §3553(a) factors")(citing United States v. Johnson, 345 F.Supp.3d. 393, 397 (E.D.N.Y. 2017)(collecting cases); United States v. Francis, U.S. Dist. Lexis 13272 (S.D.N.Y. January 22, 2021)((finding that the defendant "will not pose a danger to any person or the community because he was to be removed upon release"); United States v. Ramirez, U.S. Dist. Lexis 2735 (D.Utsh January 4, 2024).

Furthermore, imposition of a thirty year sentence upon defendant Santos accounts for the extent of his actions relative to other similarly situated defendants which could account for "the need for unwarranted sentencing disparities. See Exhbit 1). For example, in a case involving multiple murders, the defendant was given time-served after being convicted of RICO violations which included four murders and one attempted murder following his spending 35 years in federal prison. See United States v. Tellier, U.S. Dist. Lexis 149994 (S.D.N.Y. August 25, 2023). The attached exhibit showing multiple cases where individuals were convicted of murder have received reduced sentences under §3582(c)(1)(A) which attest to the disparity in defendant Santos' sentence. (Exhibit 1; supra).

Moreover, factoring in defendant Santos' age mitigates any recidivism concerns this Court may consider. Specifically,

defendant Santos is at the age where studies show he has age out of crime. See United States v. Gaffney, U.S. Dist. Lexis 54404 (E.D.N.Y. March 25, 2022)(showing studies have found that "age is an important factor when it comes to recidivism" because "the older the age at release the lower the arrest rate [given] offenders who are released when they are older than 60 years old have a rearrest rate of only 16%"); see also, United States v. Braxton, U.S. Dist. Lexis 147379 (D.Md. August 17, 2020)(stating that recidivist offenders pose "little danger to the public" when over 60 years old)(citing U.S. Sent. Comm., The Effects of Aging on Recidivism Among Federal Offenders)("Older offenders were less likely than younger offenders to recidivate following release...13.4 percent of offenders age 65 or older at the time of release were rearrested[.]").

The purpose of compassionate release is to have look to an offender who has served a substantial amount of time, as defendant Santos has and to determine if release under the circumstances would be appropriate. See e.g., United States v. Snype, U.S. Dist. Lexis 124734 (S.D.N.Y. July 19, 2023)(stating "At the very crux of compassionate release is the recognition that no man is beyond redemption"). Certainly, defendant Santos is one man deserving of a chance considering his sincere attempts at receiving program credits through the programming apparatus available through the Federal Bureau of Prisons especially after Congress's enactment of the First Step Act, and the Federal Bureau of Prisons (FBOP) recidivism risk reduction program. (See Exhibit 2). Through a pattern scoring system, where federal inmates are

scored in one of four categories "High" being the greatest risk as recidivating and "Low" being the least, defendant Santos has scored "Low" significantly decreasing his need for continued incarceration. Unfortunately, due to the sentence defendant Santos is serving, both his identifying program needs and the opportunity to program is sharply curtailed. (See Exhibit 3). Although, defendant Santos is allowed to sign-up to request recognizable program needs, he is deprived from taken part in such programs because they are reserved for federal inmates with earlier release dates because of the same needs of other inmates with lower sentences making it virtually impossible to partake in such programs. (See Exhibit 4).

Despite these unfair practices, defendant Santos has involved himself in a volunteer group for federal inmates serving life sentences in F.C.I. Otisville, which allows him to be instrumental in providing uplifting assistance to younger, inexperienced inmates through such programs as mentoring and inmate drug treatment counseling. (See Exhibits 5 & 6; BOP Progress Report).

Defendant Santos has the strong family and community support to make a difference in the lives of others and society as a whole, his past actions are not a reflection of the man he is today and there can be no better way to demonstrate his remorse and changed behavior then to have the opportunity to demonstrate it first hand outside of the prison environment. Defendant Santos' inability to receive redemption is reflected in his currently serving a life sentence, which provides no redemptive opportunity despite his rehabilitative efforts.

For instance, as one court succinctly put it:

"A life sentence is different in kind, and not merely
degree. from nearly all other sentences. It is the end of the
road. There is no release date, no light at the end of the
tunnel, no future to consider. Unlike most other sentences, a
life sentence forbids an inmate from ever seeing the other side
of a prison wall again. To put it bluntly, the inmate will die
in his cell. While a life sentence may be justified (or required
in certain situations, it leads to a slow, tortuous demise that
makes rehabilitation and personal development immaterial. In
that sense, and as the Supreme Court has observed, a life
sentence is unique as it is the only sentence that shares some
characteristics with a death sentence. See Graham v. Fla., 560
U.S. 48, 69...(2010)[.]"

United States v. Liscano U.S. Dist. Lexis 184294 *12 (N.D.Ill.

September 27, 2021).

Viewing the §3553(a)(2) factors, in this case weigh heavily in

favor of Defendant Santos when considering in the context of his

case. Thus, looking to the kinds of sentences available under

§3553(a)(3), the statute of conviction allows for a mandatory

minimum of twenty (20) years, and coupled with the advisory

Guideline scheme and the particulars of the case as noted above

with the average sentence for murder in this circuit supports

granted defendant Santos compassionate release.

Certainly, the sentencing disparity for other defendants

convicted of murder without acknowledgment by the government

untruthful testimony by a government witness leans in Defendant's

Santos' case, and this Court should revisit its previous denials

of compassionate release and strongly consider granting the relief

requested based on the arguments and evidence set forth herein for

a reduction of setence to two hundred forty (240) months

concurrent for Counts One and Two, leaving the consecutive one

- 14 -

hundred twenty (120) months in place for the firearm count.

Wherefore, this Pro se Defendant prays this Honorable Court grant this motion for compassionate release as sought herein, and grant any and all other relief it deems just and proper in the interest of fairness and justice.

                              Respectfully submitted,


                              Mr. Manuel Santos
                              Prp se Defendant
                              Reg. No. 55382-053
                              F,C.I. Otisville
                              Post Office Box 1000
                              Otisville, New York 10963

                 CERTIFICATE OF SERVICE BY MAIL

    I hereby certify that a true and complete copy of the foregoing has been given to prison officials for mailing, first class postage prepaid, and sent to: Office of the U.S. Attorney for the Eastern District of New York located  at 225 Cadman Plaza East, Brooklyn, New York 11201.

    On this _5_ Day of ___28___, 2024, pursuant to 28 U.S.C. §1746.

                          - 15 -

IN THE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff,

      v.

MANUEL SANTOS,

        Defendant.

---

Crim. Case No. 01-Cr-537

U.S. District Judge

Honorable Allyn R. Ross

---

**************************************

RECORD OF EXHIBITS IN
SUPPORT OF DEFENDANT'S
MOTION FOR COMPASSIONATE
RELEASE UNDER §3582(c)(1)(A)

**************************************

Mr. Manuel Santos
Pro se Defendnat
Reg. No. 55382-053
F.C.I. Otisville
Post Office Box 1000
Otisville, New York 10963

## RECORD OF EXHIBITS

1. Listing of Cases involving Murder                          1

2. Classification Form & FSA Risk Assessment                 4

3. Electronic Request for Classes (Wait List)               8

4. Work/Educ/Psych/Disciplinary Data Sheets                 9

5. Lifers Program Flyers                                    14

6. Lifers Program N/A Program                               16

7. Personal/Support letters                                 17

TRULINCS 55382053 - SANTOS, MANUEL - Unit: OTV-F-B

--------------------------------------------------------------------------------

FROM: 55382053
TO: Warden
SUBJECT: ***Request to Staff*** SANTOS, MANUEL, Reg# 55382053, OTV-F-B
DATE: 12/04/2023 08:29:52 PM

To: Warden's Complex
Inmate Work Assignment: FB Unit Orderly

Warden Jamison:

    I am seeking consideration for compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) and the recently enacted amendments to the U.S. Sentencing Guidelines which allow a federal prisoner to seek a reduction in sentence once he has served at least ten (10) years in custody and his sentence represents a gross disparity between other sentences imposed for similarly offenses. In seeking compassionate release, the U.S. Sentencing Guidelines' retroactive amendment to Section 1B1.13(b)(6), gives a federal defendant the permission to rely on previous decisions in law which have not been made retroactive when requesting a reduction in sentence. Moreover, the aforementioned amendment to the guidelines further allows for review based on a defendant's rehabilitation and provides for the use of changes in the law whether or not they were reasonably foreseeable at the time of sentence. U.S.S.G. Section(s) 1B1.13(c), (d), & (e). Since this federal inmate's conviction, several changes in the law have passed and are now applicable to his request for compassionate release therefore Warden you may consider them in determining whether a reduction in sentence is appropriate. See e.g., U.S. v. Descamps; U.S. v. Mathis; U.S. v. Allenye, etc. Furthermore, according to Section 3582(c)(1)(A), this defendant is required to file with your office first before seeking relief in the court, and whether a decision is made by your office or not the passage of a 30 day period serves as an exhaustion of administrative remedies to allow a federal prisoner to file for compassionate release in the appropriate court. Thus, this inmate hereby submits this request for a sentence reduction under the statute in order to conform with the statutory administrative remedy requirement and ask that you, Warden adhere to the requirements under law in this request. Thank You!!

## MURDER                                    Exhibit 1

Search terms: "3582(c)(1)(A)" and "murder"

United States Sentencing Commission, Compassionate Release Data Report, Calendar Years 2020 to 2022, Table 8 (Sept. 2022). Compassionate release granted to 76 inmates convicted of murder in federal court.

United States Sentencing Commission, 2017 Sourcebook for Federal Sentencing Statistics, Table 14. Average prison sentence imposed for murder was 18.1 years for all offenders. https://ussc.gov/research/sourcebook/archive/sourcebook-2017.

United States Sentencing Commission, Sourcebook of Federal Sentencing Statistics, Table 14: Average Length of Imprisonment for Offenders in Each Criminal History Category by Primary Offense Category. [Insert the year you want to research.]

U.S. v. Morris, 2022 U.S. Dist. LEXIS 153822, *2-3, *37 (D. Conn. Aug. 26, 2022) (Morris was convicted of a VICAR murder and received four life sentences which were reduced to 30-years);U.S. v. Perez, 2021 U.S. Dist. LEXIS 41040, *2, *17 (D. Conn. Mar. 4, 2021) (Defendant was convicted of four crimes related to murder for hire and was sentenced to life imprisonment which sentence was reduced to time served); United States v. Cruz, 2021 U.S. Dist. LEXIS 68857, *1-2 (D. Conn. Apr. 9, 2021) (Defendant convicted of murdering two men while a member of the Latin King gang and was sentenced to life imprisonment. The court reduced defendant's sentence to time served); U.S. v. Rios, 2020 U.S. Dist. LEXIS 230074, *2-3, *20-21 (D. Conn. Dec. 8, 2020) (Defendant was a Latin King gang member who was convicted of VICAR murder, and his life sentence was reduced to 360 months imprisonment); U.S. v. Mackall, 2020 D.C. Super. LEXIS 29, *1, *29 (D.C. Super. Ct. July 17, 2020) (Motion granted and life sentence for first degree murder commuted to time served); U.S. v. Kitt, 2020 D.C. Super. LEXIS 41 (Sept. 28, 2020) (Reduced life sentence to time served DC Compassionate Release statute. D.C. Code § 24-403.04); U.S. v. Greene, 516 F. Supp. 3d 1, 27-28 (D. D.C. Feb. 2, 2021) (Life sentence reduced to time served for murdering a United States Marshal); U.S. v. Douglas, 2021 U.S. Dist. LEXIS 10755, *2, *45 (D. D.C. Jan. 21, 2021) (Defendant convicted of second degree murder; defendant's sentence reduced to time served); U.S. v. Williams, 2021 U.S. Dist. LEXIS 216129, *3, *28-29 (D. D.C. Nov. 8, 2021) (Defendant was convicted of second degree murder and CCE and his sentenced was reduced to time served); U.S. v. Lopez, 2020 U.S. Dist. LEXIS 200076, *2, *19-20 (D. Haw. Oct. 27, 2020) (Defendant was convicted of drug conspiracy murder and his life sentence was reduced to time served); U.S. v. Wildcat, 2020 U.S. Dist. LEXIS 246297, *1, *3 (D. Idaho Dec. 31, 2020) (Reduced sentence to time served on two counts of second-degree murder); U.S. v. Chaverra-Cardona, 2021 U.S. Dist. LEXIS 7446, *1, *6 (N.D. Ill. Jan. 14, 2021) (Defendant was convicted of conspiracy to kill a witness and an Assistant United States Attorney and life sentence reduced to time served); U.S. v. Espino, 2022 U.S. Dist. LEXIS 174161, *1 (D. Kan. Sept. 26, 2022) (Sentence reduced from life to 360-months after participated in the murder of a cooperating witness); U.S. v. Gray, 2021 U.S. Dist. LEXIS 88855, *1, *20 (D. Md. May 10, 2021) (Defendant was convicted of murder in aid of racketeering and was sentenced to life imprisonment, and his sentence was reduced to time served); Babb v. U.S., 2021 U.S. Dist. LEXIS 105829, *1, *3, *52 (D. Md. June 6, 2021) (Murder in furtherance of a drug trafficking offense. life sentence reduced to 25 years); Brown v. U.S., 2021 U.S. Dist. LEXIS 211172, *40 (D. Md. Oct. 28, 2021) (Life sentence reduced to 37 years); U.S. v. Trenkler, 537 F. Supp. 3d 91 (D. Mass. May 6, 2021) (Life sentence reduced to time served for killing a police officer, and maiming a second officer);

Exhibit 1

U.S. v. West, 2022 U.S. Dist. LEXIS 202370, *2, *20-21 (E.D. Mich. Nov. 7, 2022) Convicted of murder-for-hire and sentenced to life. Sentence reduced to time served); U.S. v. Bass, 514 F. Supp. 3d 977, 979, 989 (E.D. Mich. Jan. 22, 2021) (Defendant was convicted of murder in relation to a drug offense and sentenced to life imprisonment. Defendant's sentence was reduced to time served); U.S. v. Whiting, 2021 U.S. Dist. LEXIS 149760, *18 (E.D. Mich. Aug. 10, 2021) (Defendant was convicted of conspiracy to commit murder in aid of racketeering and his sentence was reduced from 420-months to 240-months imprisonment); U.S. v. Russo, 2022 U.S. Dist. LEXIS 199664, *9, *21-22 (E.D. N.Y. Nov. 2, 2022) (Russo was a Captain in the Colombo Family who was convicted of murder in the aid of racketeering in an organized crime case, and his life sentence was reduced to 35 years imprisonment); U.S. v. Lugo, 2022 U.S. Dist. LEXIS 43458, *4 (E.D. N.Y. Mar. 11, 2022) (The defendant was convicted of racketeering murder and sentenced to life imprisonment, and his sentence was reduced to 30 years imprisonment); U.S. v. Qadar, 2021 U.S. Dist. LEXIS 136980, *1, *37 (E.D. N.Y. July 22, 2021) (Life sentence reduced to time served in a murder for hire case); U.S. v. Asaro, 2020 U.S. Dist. LEXIS 68044, *21 (E.D. N.Y. Apr. 17, 2020) (Defendant was convicted of murder of a cooperating witness and his sentence was reduced to time served); U.S. v. Mongelli, 2020 U.S. Dist. LEXIS 205469 (E.D. N.Y. Nov. 3, 2020) (Defendant convicted of RICO murder and his sentence was reduced to time served); U.S. v. Wong Chi Fai, 2019 U.S. Dist. LEXIS 126774, *13-14 (E.D. N.Y. July 30, 2019) (Life sentence reduced to time served); U.S. v. Rodriguez, 2022 U.S. Dist. LEXIS 8717, *1, *19 (S.D. N.Y. Jan. 18, 2022) (The defendant was convicted of murder in the course of a drug conspiracy and was sentenced to 50 years imprisonment, and his sentence was reduced to 25 years imprisonment); U.S. v. Glynn, 2022 U.S. Dist. LEXIS 32794, *1, *20, *22 (S.D. N.Y. Feb. 24, 2022) (Glynn was a Blood gang member leader who received a life sentence for murder in aid of racketeering, and murder in connection with a drug conspiracy, and his sentence was reduced to 420 months imprisonment); U.S. v. Golding, 2022 U.S. Dist. LEXIS 133940, *4 (S.D. N.Y. July 27, 2022) (Defendant's life sentence reduced to 378 months imprisonment); U.S. v. Ramsey, 538 F. Supp. 3d 407, 409-10, 429 (S.D. N.Y. 2022) (Convicted of two counts of murder in aid of racketeering. Life sentence reduced to 360 months imprisonment); U.S. v. Ramirez, 2021 U.S. Dist. LEXIS 217752, *2-3, *26 (S.D. N.Y. Nov. 9, 2021) (Personally participated in two murders and was a gang leader of a drug organization, and his life sentence was reduced to time served); U.S. v. Ramsay, 2021 U.S. Dist. LEXIS 89741, *45 (S.D. N.Y. May 11, 2021) (Life imprisonment for murder in aid of racketeering reduced to 30 years imprisonment); U.S. v. Lewis, 2021 U.S. Dist. LEXIS 144018, *1, *9 (S.D. N.Y. July 31, 2021) (Defendant life sentence for murder in aid of racketeering was reduced to 30 years imprisonment); U.S. v. Underwood, 2021 U.S. Dist. LEXIS 8378, *2-3, *20-21 (S.D. N.Y. Jan. 15, 2021) (Defendant convicted of RICO murder where at least five murders were committed at the defendant's direction and his life sentence was reduced to time served); U.S. v. Quinones, 2021 U.S. Dist. LEXIS 37628, *1, *13 (S.D. N.Y. Feb. 27, 2021) (Defendant convicted of murdering confidential information and was sentenced to life imprisonment and his sentence was reduced to 35-years imprisonment); U.S. v. Rodriguez, 492 F. Supp. 3d 306, 308, 317 (S.D. N.Y. 2020) (Defendant was serving a mandatory sentence of life for the torture and murder of a

EXHIBIT 1

government informant, and his sentence was reduced to 30 years imprisonment); U.S. v. Gluzman, 2020 U.S. Dist. LEXIS 131749, *6, *65 (S.D. N.Y. July 23, 2020) (Life sentence for the murder of her spouse was reduced to time served); U.S. v. Underwood, 2021 U.S. Dist. LEXIS 8378, *2 (W.D. N.Y. Jan. 15, 2021) (The group was responsible for at least five murders, and one attempted murder, committed at Underwood's direction); U.S. v. Tidwell, 476 F. Supp. 3d 66, 80 (E.D. Pa. 2020) (Defendant's life sentence for murder in furtherance of a CCE reduced to time served); U.S. v. Jenkins, 2021 U.S. Dist. LEXIS 194006, *11-17, *23 (D. S.C. Oct. 7, 2021) (Defendant convicted of VICAR murder, and his life sentence reduced to time served); U.S. v. Belle, 2021 U.S. Dist. LEXIS 199069, *1, *26 (D. S.C. Oct. 15, 2021) (The defendant was convicted of murdering a fellow drug dealer and was sentenced to 324-months which the court reduced to 262-months); U.S. v. Scruggs, 2021 U.S. Dist. LEXIS 137242, *1, *12 (E.D. Va. July 22, 2021) (Life sentence reduced to time served for death which occurred during carjacking).

OTVHY 606.00 *      MALE CUSTODY CLASSIFICATION FORM      *      03-14-2024

PAGE 001 OF 001                                          Exhibit 2    13:05:15

(A) IDENTIFYING DATA

REG NO..: 55382-053           FORM DATE: 03-14-2024           ORG: OTV

NAME....: SANTOS, MANUEL

MGTV: PSF WAV

PUB SFTY: GRT SVRTY,ALIEN,SENT LGTH      MVED: N/A

(B) BASE SCORING

DETAINER: (0) NONE                SEVERITY.......: (7) GREATEST

MOS REL.: 540                     CRIM HIST SCORE: (06) 7 POINTS

ESCAPES.: (0) NONE                VIOLENCE.......: (4) 10-15 YRS SERIOUS

VOL SURR: (0) N/A                 AGE CATEGORY...: (0) 55 AND OVER

EDUC LEV: (0) VERFD HS DEGREE/GED   DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS

(C) CUSTODY SCORING

TIME SERVED.....: (3) 0-25%       PROG PARTICIPAT: (2) GOOD

LIVING SKILLS...: (2) GOOD        TYPE DISCIP RPT: (5) NONE

FREQ DISCIP RPT.: (3) NONE        FAMILY/COMMUN..: (4) GOOD

--- LEVEL AND CUSTODY SUMMARY ---

| BASE | CUST | VARIANCE | SEC TOTAL | SCORED LEV | MGMT SEC LEVEL | CUSTODY | CONSIDER |
|------|------|----------|-----------|------------|----------------|---------|----------|
| +17  | +19  | -1       | +16       | HIGH       | MEDIUM         | IN      | DECREASE |

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

- 4 -

Exhibit 2

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)
Register Number:55382-053, Last Name:SANTOS

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 55382-053 | Risk Level Inmate....: R-LW |
| Inmate Name |   General Level......: R-LW (18) |
|   Last.........: SANTOS |   Violent Level......: R-LW (16) |
|   First........: MANUEL | Security Level Inmate: HIGH |
|   Middle.......: | Security Level Facl..: MEDIUM |
|   Suffix.......: | Responsible Facility.: OTV |
| Gender.........: MALE | Start Incarceration..: 10/28/2005 |

### PATTERN Worksheet Summary

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 64 | 0 | 0 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | TRUE | 5 | 7 |
| Criminal History Points | 7 | 24 | 9 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 4 | 4 | 8 |
| Education Score | HighSchoolDegreeOrGED | -2 | -2 |
| Drug Program Status | NoNeed | -6 | -3 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | 121 | 0 | 0 |
| Time Since Last Serious Incident Report | 121 | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 3 | -6 | -2 |
| Work Programs | 1 | -1 | -1 |
| | Total | 18 | 16 |

### PATTERN Worksheet Details

Item: Programs Completed, Value: 3
General Score: -6, Violent Score: -2
Risk Item Data

| Category | - Assignment | - Start | - Stop |
|---|---|---|---|
| DRG | ED COMP | 12/22/2022 10:20 | |
| EDC | NUTRITION | 05/11/2015 16:25 | 05/11/2015 16:25 |
| EDC | BASIC MATH | 03/23/2020 14:27 | 03/23/2020 14:27 |

Item: Work Programs, Value: 1
General Score: -1, Violent Score: -1
Risk Item Data

| Category | - Assignment | - Start | - Stop |
|---|---|---|---|
| WRK | ASMBLY 8 | 09/04/2007 00:01 | 09/04/2007 00:01 |

- 5 -

**FSA Needs Reassessment**

Register Number:55382-053, Last Name:SANTOS

Exhibit 2

| U.S. DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
|---|---|

| | |
|---|---|
| Register Number: 55382-053 | Responsible Facility: OTV |
| Inmate Name | Assessment Date.....: 01/23/2024 |
|   Last.........: SANTOS | |
|   First........: MANUEL | |
|   Middle.......: | |
|   Suffix.......: | |
| Gender.........: MALE | |

**Needs Reassessment Worksheet Summary**

| Need Area | - Before/After - | Assignment - | Description |
|---|---|---|---|
| Anger/Hostility | Before | N-ANGER Y | NEED - ANGER/HOSTILITY YES |
| | After | N-ANGER Y | NEED - ANGER/HOSTILITY YES |
| Antisocial Peers | Before | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
| | After | N-ANTISO N | NEED - ANTISOCIAL PEERS NO |
| Cognitions | Before | N-COGNTV Y | NEED - COGNITIONS YES |
| | After | N-COGNTV Y | NEED - COGNITIONS YES |
| Education | Before | N-EDUC N | NEED - EDUCATION NO |
| | After | N-EDUC N | NEED - EDUCATION NO |
| Family/Parenting | Before | N-FM/PAR N | NEED - FAMILY/PARENTING NO |
| | After | N-FM/PAR N | NEED - FAMILY/PARENTING NO |
| Finance/Poverty | Before | N-FIN PV N | NEED - FINANCE/POVERTY NO |
| | After | N-FIN PV N | NEED - FINANCE/POVERTY NO |
| Medical | Before | N-MEDICL Y | NEED - MEDICAL YES |
| | After | N-MEDICL Y | NEED - MEDICAL YES |
| Mental Health | Before | N-M HLTH N | NEED - MENTAL HEALTH NO |
| | After | N-M HLTH N | NEED - MENTAL HEALTH NO |
| Recreation/Leisure/Fitness | Before | N-RLF N | NEED - REC/LEISURE/FITNESS NO |
| | After | N-RLF N | NEED - REC/LEISURE/FITNESS NO |
| Substance Abuse | Before | N-SUB AB Y | NEED - SUBSTANCE ABUSE YES |
| | After | N-SUB AB Y | NEED - SUBSTANCE ABUSE YES |
| Trauma | Before | N-TRAUMA Y | NEED - TRAUMA YES |
| | After | N-TRAUMA Y | NEED - TRAUMA YES |
| Work | Before | N-WORK Y | NEED - WORK YES |
| | After | N-WORK Y | NEED - WORK YES |

Assessment Date: 01/23/2024        Assessment# 097e797d-533a-4b8d-915b-fbc07d134af2

Exhibit 2

## FSA Recidivism Risk Assessment (PATTERN 01.03.00)

Register Number:55382-053, Last Name:SANTOS

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 55382-053 | Risk Level Inmate....: R-LW |
| Inmate Name |   General Level......: R-LW (18) |
|   Last.........: SANTOS |   Violent Level......: R-LW (16) |
|   First........: MANUEL | Security Level Inmate: HIGH |
|   Middle.......: | Security Level Facl..: MEDIUM |
|   Suffix.......: | Responsible Facility.: OTV |
| Gender.........: MALE | Start Incarceration..: 10/28/2005 |

**PATTERN Worksheet Details**

Item: Programs Completed, Value: 3

General Score: -6, Violent Score: -2

Risk Item Data

```
  Category - Assignment - Start           - Stop
  DRG       ED COMP      12/22/2022 10:20
  EDC       NUTRITION    05/11/2015 16:25   05/11/2015 16:25
  EDC       BASIC MATH   03/23/2020 14:27   03/23/2020 14:27
```
--------------------------------------------------------------------------------

Item: Work Programs, Value: 1

General Score: -1, Violent Score: -1

Risk Item Data

```
  Category - Assignment - Start           - Stop
  WRK       ASMBLY 8     09/04/2007 00:01   09/04/2007 00:01
```

- 7 -

Exhibit 3

TRULINCS  55382053 - SANTOS, MANUEL - Unit: OTV-F-B

--------------------------------------------------------------------------------------------------------

FROM: 55382053
TO: Psychology
SUBJECT: ***Request to Staff*** SANTOS, MANUEL, Reg# 55382053, OTV-F-B
DATE: 05/08/2024 09:17:22 AM

To: Mr. Leslie
Inmate Work Assignment: Head Orderly

I am trying to get into certain program that I have been on the waiting list for e.g., Anger Management, AA, Criminal Thinking but I was told that it goes by release date and those that are First Step Act eligible has prior. Is there any way to get into these programs although I am serving a life sentence? Thank You!

```
OTVHY  531.01 *              INMATE HISTORY          *      03-13-2024
PAGE 001 OF 001 *              PT OTHER              *      07:27:44

REG NO..: 55382-053 NAME....: SANTOS, MANUEL
CATEGORY: PTO       FUNCTION: PRT      FORMAT:              Exhibit 4

FCL    ASSIGNMENT DESCRIPTION                START DATE/TIME STOP  DATE/TIME
OTV    AA WAIT    ALCOHOLICS ANONYMOUS WAIT  03-22-2021 1504 CURRENT
OTV    AARP FND W AARP FOUNDATION FINANCE WAIT 05-04-2022 1212 CURRENT
OTV    ANG M WAIT ANGER MANAGEMENT CBT WAIT  02-25-2021 1049 CURRENT
OTV    CR TH WAIT CRIMINAL THINKING WAIT     02-25-2021 1323 CURRENT
OTV    DIAL BEH W NON-RESOLVE DIAL BEH TX  WAIT 03-22-2021 1503 CURRENT
OTV    MON SM O W MONEY SMART OLDER POP WAIT 03-22-2021 1502 CURRENT
OTV    K2 AWARE C K2 AWARENESS COMP          07-06-2022 0941 08-03-2022 0941
OTV    K2 AWARE P K2 AWARENESS PART          05-10-2022 1511 07-06-2022 0941
OTV    TALK DOC C TALKING WITH YOUR DOCTOR COMP 07-25-2022 1538 07-25-2022 1538
OTV    TALK DOC P TALKING WITH YOUR DOCTOR PART 07-25-2022 1537 07-25-2022 1538
OTV    TALK DOC W TALKING WITH YOUR DOCTOR WAIT 07-25-2022 1319 07-25-2022 1537
OTV    K2 AWARE W K2 AWARENESS WAIT          03-22-2021 1504 05-10-2022 1511
OTV    ULKEY6 W   ULTRA KEY 6 TYPING SKILLS WAIT 03-22-2021 1502 01-31-2022 1243
OTV    BRN HLTH W BRAIN HEALTH AS YOU AGE WAIT 03-22-2021 1502 10-05-2021 1920




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

- 9 -

```
   OTVHY          *           INMATE EDUCATION DATA        *      03-13-2024
PAGE 001 OF 001 *               TRANSCRIPT                 *      07:27:05
                                                                          Exhibit 4
REGISTER NO: 55382-053    NAME..: SANTOS                 FUNC: PRT
FORMAT.....: TRANSCRIPT    RSP OF: OTV-OTISVILLE FCI

------------------------- EDUCATION INFORMATION -------------------------
FACL ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP DATE/TIME
OTV  ESL HAS  ENGLISH PROFICIENT            04-13-2006 1436 CURRENT
OTV  GED HAS  COMPLETED GED OR HS DIPLOMA   03-29-2023 1431 CURRENT

------------------------- EDUCATION COURSES -----------------------------
SUB-FACL   DESCRIPTION                    START DATE  STOP DATE EVNT AC LV  HRS
CLP        HEALTHY MIND JOURNALING        10-29-2020 01-29-2021  P  C  P    24
CLP        BASIC MATHEMATICS ACE CLASS    03-23-2020 04-02-2020  P  C  P    20
CLP        NUTRITION; HEALTHY HABITS      05-11-2015 12-09-2015  P  C  P    20
LEW        PRE-GED CLASS M-F 730-9AM.     01-09-2007 10-19-2007  P  W  I   178
LEW        WAITING LIST FOR PGED CLASS    10-26-2006 01-09-2007  C  W  I     0
BRO M      AT RISK PER HSA & SOR PS 6000  10-29-2001 10-14-2003  P  C  P    10
BRO M      FILM FORUM CLS 2S MON 6-9PM    04-29-2002 10-14-2003  P  C  P    25

------------------------- HIGH TEST SCORES ------------------------------
TEST        SUBTEST       SCORE    TEST DATE    TEST FACL  FORM      STATE
ABLE        LANGUAGE       3.6    10-26-2006    LEW        F
            NUMBER OPR     5.1    10-26-2006    LEW        F
            PROB SOLV      6.1    10-26-2006    LEW        F
            READ COMP      7.6    10-26-2006    LEW        F
            SPELLING       6.8    10-26-2006    LEW        F
            VOCABULARY     9.4    10-26-2006    LEW        F
TABE M      BATTERY        3.3    10-28-2011    CLP        10
            LANGUAGE       2.1    10-28-2011    CLP        10
            MATH APPL      3.4    10-28-2011    CLP        10
            MATH COMP      4.2    10-28-2011    CLP        10
            READING        4.7    10-28-2011    CLP        10
            TOTAL MATH     3.7    10-28-2011    CLP        10


G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

- 10 -

```
  OTVHY          *          INMATE DISCIPLINE DATA          *      03-13-2024
PAGE 001 OF 001 * CHRONOLOGICAL DISCIPLINARY LOG (CONDENSED) *      07:28:49
```

Exhibit 4

```
REGISTER NO: 55382-053 NAME..: SANTOS, MANUEL
FUNCTION...: PRT          FORMAT: CONDENSED LIMIT TO ___ MOS PRIOR TO 03-13-2024

HEARING DT REPORT# PROHIBITED ACT / DESCRIPTION          SANCTION(STATUS) COMP LAW
---------- ------- --- ---------------------------- ---------------- ---- ---
12-04-2013 2522439 104 POSSESSING A DANGEROUS WEAPON DS
                                                     IMPOUND
                                                     LP COMM
                                                     LP EMAIL


09-06-2012 2347151 104 POSSESSING A DANGEROUS WEAPON DS
                                                     LP EMAIL
                                                     LP PHONE


01-24-2011 2115109 328 GIVING/ACCEPTNG MONEY W/O AUTH LP PHONE

09-02-2009 1902783 298 INTERFERING W/STAFF-HIGH      DS
                                                     LP COMM
                                                     LP VISIT


06-01-2005 1345594 307 REFUSING TO OBEY AN ORDER      LP VISIT
                   312 BEING INSOLENT TO STAFF MEMBER LP VISIT

12-03-2004 1288048 317 FAILING TO FOLLOW SAFETY REGS  LP VISIT
```

```
G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
OTVHY  531.01  *              INMATE HISTORY          *    03-13-2024
PAGE 001        *               WRK DETAIL            *    07:28:11
```

REG NO...: 55382-053 NAME....: SANTOS, MANUEL                    **Exhibit 4**
CATEGORY: WRK         FUNCTION: PRT       FORMAT:

| FCL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|-----|-----------|-------------|-----------------|----------------|
| OTV | ORD UNITFB | UNIT FB ORDERLY | 03-03-2023 1154 | CURRENT |
| OTV | WK POOL AM | WORK POOL - 6:00 11:00 | 06-22-2021 1202 | 03-03-2023 1154 |
| OTV | ELECTRIC | ELECTRIC | 05-08-2021 1605 | 06-22-2021 1202 |
| OTV | INST A&O | NEEDS INSTITUTION A&O | 02-23-2021 1520 | 05-08-2021 1605 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 02-10-2021 1705 | 02-23-2021 0930 |
| CLP | COMPD N-PM | / | 12-27-2013 0001 | 02-10-2021 1020 |
| CLP | UNASSG | UNASSIGNED | 12-26-2013 1251 | 12-27-2013 0001 |
| CLP | UNASSG/DS | / | 12-06-2013 1434 | 12-26-2013 1251 |
| CLP | UNASSG/AD | / | 12-03-2013 1313 | 12-06-2013 1434 |
| CLP | COMPD N-AM | / | 09-28-2012 0001 | 12-03-2012 1313 |
| CLP | UNASSG/AD | / | 09-06-2012 2311 | 09-28-2012 0001 |
| CLP | COMPD N-PM | / | 07-15-2012 0001 | 09-06-2012 2311 |
| CLP | UNASSG | UNASSIGNED | 07-13-2012 0001 | 07-15-2012 0001 |
| CLP | PM RECYARD | / | 07-11-2012 0001 | 07-13-2012 0001 |
| CLP | UNASSG | UNASSIGNED | 04-21-2011 1318 | 07-11-2012 0001 |
| CLP | A&O | / | 04-07-2011 1058 | 04-21-2011 1318 |
| ATL | DCU UNASSG | DETENTION CENTER UNASSIGNED | 04-07-2011 0752 | 04-07-2011 0819 |
| ATL | DCU UNASSG | DETENTION CENTER UNASSIGNED | 03-30-2011 1900 | 04-07-2011 0542 |
| BRO | UNASSG | UNASSIGNED WORK ASSIGNMENT | 11-17-2010 1710 | 03-30-2011 0442 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 11-09-2010 1641 | 11-17-2010 0730 |
| CLP | A&O | / | 11-07-2010 1546 | 11-09-2010 0542 |
| CLP | RECWEEKEND | WEEKEND WORKERS | 11-02-2010 1817 | 11-07-2010 1546 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 10-25-2010 1648 | 11-02-2010 0859 |
| BRO | UNASSG | UNASSIGNED WORK ASSIGNMENT | 10-29-2009 1103 | 10-25-2010 0847 |
| BRO | UNITGC ORD | UNIT GC ORDERLY | 10-19-2009 1450 | 10-29-2009 1103 |
| BRO | UNASSG | UNASSIGNED WORK ASSIGNMENT | 01-14-2009 1606 | 10-19-2009 1450 |
| ATL | DCU UNASSG | DETENTION CENTER UNASSIGNED | 01-13-2009 1930 | 01-14-2009 0804 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 01-06-2009 1820 | 01-13-2009 0850 |
| CLP | RECWEEKEND | WEEKEND WORKERS | 10-21-2008 1509 | 01-06-2009 1013 |
| CLP | RECWEEKEND | WEEKEND WORKERS | 07-26-2008 0001 | 10-21-2008 1227 |
| CLP | UNASSG | UNASSIGNED | 03-26-2008 1420 | 07-26-2008 0001 |
| CLP | A&O | / | 03-20-2008 0715 | 03-26-2008 1420 |
| CLP | UNASSG | UNASSIGNED | 02-17-2008 1519 | 03-20-2008 0715 |
| CLP | UNASSG/AD | / | 01-07-2008 1050 | 02-17-2008 1519 |
| CLP | UNASSG | UNASSIGNED | 01-04-2008 1608 | 01-07-2008 1050 |
| OKL | UNASSG | UNASSIGNED HOLDOVER | 12-03-2007 1715 | 01-04-2008 0820 |
| LEW | UNASSG | UNASSIGNED WORK DETAIL | 09-11-2007 0928 | 12-03-2007 0853 |
| LEW | ASMBLY 8 | ASSEMBLY 8 | 09-04-2007 0001 | 09-11-2007 0928 |
| LEW | VACATION | VACATION | 08-28-2007 0001 | 09-04-2007 0001 |
| LEW | ASMBLY 8 | ASSEMBLY 8 | 08-14-2007 1106 | 08-28-2007 0001 |
| LEW | ASMBLY 8 | ASSEMBLY 8 | 12-11-2006 0001 | 08-14-2007 0940 |

G0002        MORE PAGES TO FOLLOW . . .

- 12 -

```
OTVHY  531.01 *            INMATE HISTORY          *     03-13-2024
PAGE 002 OF 002 *             WRK DETAIL           *     07:28:11
                                                              Exhibit 4

REG NO..: 55382-053 NAME....: SANTOS, MANUEL
CATEGORY: WRK       FUNCTION: PRT       FORMAT:

FCL   ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
LEW   WELD 2     WELDING 2                    11-01-2006 0001 12-11-2006 0001
LEW   IDLE 1     IDLE #1 - 1 DAY             10-31-2006 0833 11-01-2006 0001
LEW   WELD 2     WELDING 2                    10-31-2006 0816 10-31-2006 0833
LEW   WELD 2     WELDING 2                    06-12-2006 0001 10-31-2006 0718
LEW   PM DINE RM PM DINE ROOM                 05-18-2006 0105 06-12-2006 0001
LEW   UNASSG     UNASSIGNED WORK DETAIL       05-17-2006 0921 05-18-2006 0105
LEW   UNASSG     UNASSIGNED WORK DETAIL       05-17-2006 0728 05-17-2006 0802
LEW   PM DINE RM PM DINE ROOM                 04-11-2006 0936 05-17-2006 0728
LEW   FOOD SVC   FOOD SERVICE                 04-10-2006 0001 04-11-2006 0936
LEW   UNASSG     UNASSIGNED WORK DETAIL       03-22-2006 1153 04-10-2006 0001
BRO   UNASSG     UNASSIGNED WORK ASSIGNMENT   02-08-2006 1200 03-22-2006 0700
BRO   UNASSG     UNASSIGNED WORK ASSIGNMENT   12-28-2005 1413 02-08-2006 1020
BRO   UNASSG     UNASSIGNED WORK ASSIGNMENT   10-28-2005 0802 12-28-2005 1133
BRO   UNASSG     UNASSIGNED WORK ASSIGNMENT   12-18-2003 2005 10-28-2005 0800
BRO   UNASSG     UNASSIGNED WORK ASSIGNMENT   04-18-2001 2153 09-08-2003 2319




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

- 13 -

Exhibit 5

# Motivational Hour

To **PROMOTE** FSA Programming Participation.

Hosted By: DTS Mr. Leslie and the Lifer Group

Date: Thursday, May 2, 2024

Time: 12:30 PM – 2:30 PM

Location: Chapel

**Singing**

**Dancing**

# Comedy ETC...

-Inmates who are interested will be required to submit a handwritten Cop Out to DTS Mr. Leslie.

-Positive messages ONLY," To include what you have done to better yourself.

**There will be no profanity or gang signs tolerated.**

-Inmates will need to remain disciplinary free from the time of the flyer till the day of the event.

-Inmates will need to present performance to DTS Mr. Leslie for approval.

**Rap**

**Poetry**

SANTOS MANUEL 55292059

Exhibit 5



# LIFER'S PROGRAM ANNOUNCEMENT

We will be having a peer to peer support group

Monday, <u>April 1st</u>

1:30pm in the Chapel

If interested (not mandatory), please show up
to the Chapel for the 1:30pm program move.

## PROGRAM FACILITATORS

Dr. De Gracia

Mr. Leslie

Mrs. Fernandez



## LIFERS GROUP

Date: February 5, 2024                          Exhibit 6

From: Lifers Group Program Facilitators:

    Mr. Leslie        Mrs. Fernandez        Ms. De Gracia

To: Warden Jamison

    Captain Argir

Subject: Implementation of NA Program

Purpose: To target at risk inmates at F.C.I. Otisville and
        provide peer-to-peer inmate drug counseling in weekly
        group sessions

Inmate Program Coordinators:

    Gregory Milton, VP Individual Development

    Walter Johnson, VP Community Development

    Manuel Santos, NA Unit Facilitator

Program Incentives:

    Recognized First Step Act credits

    Graduation Certification upon completion

Program Goals:

    1) To provide F.C.I. Otisville inmate population with drug
       educational information to combat illicit drug use.

    2) To provide a safe and non-confrontational opportunity to
       address individual substance abuse issues and begin a
       road to recovery.

    3) Target individual inmates that are found to repeatedly
       use illicit substances, and offer an alternative to
       disciplinary punishment that is contingent on full
       participation and completion of NA Program.

    4) Require mandatory placement for individual inmates found
       to use illicit substances through contract with their
       respective Unit Team.

- 16 -

Exhibit 7

Steven Velez
2600 S. Leonard a.
Chandler, AZ 85286

4 DEC 2023    PHOENIX A    PM

FOREVER US

107

Manuel Santos
#55382-053
FCI OTISVILLE
Federal Correc. Institution
P.O. Box 1000
OTISVILLE, NY 10963



*Thinking about you, praying for you, believing in you.*

Expressions
FROM
Hallmark

LAGI577
5831684

This card is made with paper sourced from responsibly managed forests.

TM/MC & ®HALLMARK
HALLMARK.COM
MADE IN U.S.A.

- 18 -

Chandler AL
2620 S. Leonard Rd.
Chandler A3 85286

7019 0140 0000 9794 8685

CERTIFIED MAIL

7019 0140 0000 9794 8685

MANUEL SANTOS   # 55382-053
FCI OTISVILLE
FED CORRECTIONAL INST.
P.O. BOX 1000
OTISVILLE, N.Y. 10963

FG610RL

10963-100000



R2304M110364
U.S. POSTAGE IM
$5.08
FCML RDC 99
Orig: 85286
Dest: 10963
03/25/24
2000051784   02   BW

CPU

March 24, 2024

HELLO JUDGE, MY NAME IS EILEEN VELEZ AND I AM MANUEL'S SANTOS EX WIFE THE MOTHER OF HIS TWO DAUGHTERS; WE MET WHEN I WAS AROUND 10 YEARS OLD IN THE DOMINICAN REPUBLIC, OUR FAMILIES LIVED AROUND THE CORNER FROM EACH OTHER, WHEN I TURNED 18, I RETURNED AND MARRIED HIM. WHEN HE ARRIVED IN THE U.S. WE LIVED WITH MY MOM AND OF COURSE IT WAS HARD BUT HE WAS A HARD WORKER AND QUICKLY WON MY MOM OVER, SHORTLY AFTER HIS ARRIVAL I GOT PREGNANT WITH OUR FIRST DAUGHTER ANGELICA, WHAT AN AMAZING TIME FOR US, SHE LOOKS JUST LIKE HIM, AND SHE OF COURSE SUFFERED THE MOST WHEN WE ENDED OUR MARRIAGE BECAUSE SHE WAS JUST SO ATTACHED TO HIM, BUT HE CAME AROUND AND TOOK HER AND SPENT AS MUCH TIME AS I WOULD ALLOW, YOU KNOW I WAS YOUNG AND VERY INSECURE AND DIDN'T WANT MY BABY AWAY FROM ME.

IT WAS A HARD SITUATION AT THE TIME FOR ALL OF US, ESPECIALLY SINCE BY THEN I HAD MELINA, AND SHE WAS ALWAYS SO SICK, SHE WAS IN THE HOSPITAL FOR UPTO 42 DAYS AT A TIME SUFFERING FROM PNEUMONIAS AND BREATHING PROBLEMS AND COUNTLESS OTHER ISSUES WHERE SHE COULDN'T BE OUT OF AN OXYGEN TENT FOR LONG PERIODS OF TIME, BUT THANK GOD SHE OVERCAME AND OUTGREW HER HEALTH ISSUES. I DID HAVE TO MOVE TO COLORADO BECAUSE THE AIR QUALITY AND JUST OVERALL LIFESTYLE WAS MUCH BETTER FOR HER THEN LIVING IN EAST NEW YORK BROOKLYN. (IM NOT HATING ON BROOKLYN, IMMA BROOKLYN GIRL THROUGH AND THROUGH) BUT I WANTED BETTER FOR MY GIRLS AND I THANK GOD EVERYDAY I MADE THAT MOVE.

THEY ARE AMAZING YOUNG WOMEN WITH FAMILIES OF THEIR OWN AND SUPER BEAUTIFUL SOULS WITH NOTHING TO GIVE BUT THEMSELVES. THEY ARE EXCITED AND HOPEFUL TO BEGIN A RELATIONSHIP WITH THEIR FATHER, I KNOW ANGIE REMEMBERS HIM AND THEY HAVE HAD CONTAC AND SHE HAS BEEN IN TO VISIT HIM AND EVEN BROUGHT MY GRAND DAUGHTER LYRIC UP FOR A VISIT, I TOO DROVE FIVE HOURS TO THE FLORIDA FACILITY AND WAS UNABLE TO MAKE IT IN, ONE TIME HE FORGOT TO DO SOMETHING ON HIS END AND THE OTHER TIME THERE WAS A LOCKDOWN THEN HE WAS TRANSFERRED TO NY, BUT WE ARE ALL HAPPY FOR HIM TO HAVE A SECOND CHANCE AT HAVING A RELATIONSHIP NOT ONLY WITH HIS GIRLS BUT HIS GRANDCHILDREN, HE HAS THREE ALL TOGETHER.

WE MOVED TO ARIZONA DURING LAST YEARS SUMMER FOR MY SON IN LAWS WORK, AND I JUST RECENTLY STARTED WORKING IN DECEMBER SO THAT IS JUST ONE OF THE REASONS WHY I HAVENT PERSONALLY HAVENT BEEN TO VISIT HIM AND JUST COMMUNICATE VIA EMAIL AND IM SO BAD AT THAT AT TIMES, HIS FAMILY IN THE DOMINICAN REPUBLIC ARE ALL WATING FOR HIM, HE IS ONE OF THE YOUNGER BROTHERS AND SINCE HIS ENCARCERATION, HES LOST 3 SIBLINGS, THE RECENT ONE BEING JUST A FEW MONTH AGO, THAT I HAVENT EVEN TOLD HIM YET.

IN THE DOMINICAN REPUBLIC, HIS FAMILY IS MAKING PREPARATIONS FOR HIS ARRIVAL WITH THE LOCAL PUBLIC AGENCIES SO THAT HE'LL BE ABLE TO MAKE A LIFE ONCE HE GETS THERE. HE HAS HIS LANDS THAT HIS PARENTS LEFT HIM THAT HE'LL BE ABLE TO PUT TO WORK THEY HAVE A COMMERCIAL PROPERTY THAT IS BEING USED TO THIS DAY AND ITS READY FOR HIM TO JUMP RIGHT IN AND HELP OUT HIS FAMILY IN HIS RIGHTFUL PLACE. HIM BEING SENT TO THE DOMINICAN REPUBLIC IS THE BEST DECISION THAT CAN BE MADE ON HIS BEHAVE; I MYSELF AM LOOKING FORWARD TO US PICKING BACK UP AND MAYBE EVEN HAVE A SECOND CHANCE AT US TOO. THANK YOU SO MUCH FOR TAKING THE

TIME TO READ MY LITTLE LIFE STORY SO TO SPEAK SINCE I WAS VERY YOUNG WHEN WE MET, HE'S BEEN AROUND FOR MOST OF MY LIFE....I DO MISS HIM, HIS SISTER MISSES HIM, HIS BROTHERS MISS HIM AND MOST IMPORTANTLY HIS DAUGHTERS AND GRANDKIDS. I CAN'T WAIT FOR THE DAY HE GETS TO GO HOME. THANK YOU AGAIN FOR YOUR TIME AND CONSIDERATION AND PATIENCE AND EVERYTHING YOU HAVE DONE FOR US. THANK YOU. IF YOU HAVE ANY QUESTIONS OR CONCERNS, PLEASE REACH OUT TO ME 720-501-1623 I WOULD LOVE TO PUT AT EASE IF ANY COME UP. WE LOVE HIM AND WANT HIM HOME. THANK YOU AGAIN.

Very truly yours,

Eileen Velz

2620 S. Leonard Pl.

Chandler, Az. 85286

720·501·1623

Az DL# A85851063

¡Hola Chula!

Te mando esta tarjehta para que animar te el un poco de mientras pasan estos dias tan bonito y prala s'grancs tu salida luego y pronto muchos yo pers vencer suerte y que yo vente fuerte.

te cuide.

Lau



I know you have
all the strength you need
to make it through.

To whom it may concern -

I have been thinking a lot about how to express my feelings and my daughters feelings, from the beginning of this letter I am stating that I did not ask my girls to write a letter on his behalf as I have to think of my girls and their feelings and how it played a huge part on both their lives. I thought it would be unfair to ask them to write about a father they do not know, why open up old feelings, and disappointments this is about him and I can speak for my girls. As for me I am more than happy that he will have a chance to be that dad he wasn't able to be, it's never too late to be in your childrens lives and the girls

- 20 -

scared I'm sure because it's
something new to them, they
are grown women with families
of their own at this point, he
has a lot to explain and make-up
for, time to answer your daughters
hard questions, Melina doesn't
have any memories of him, she
spent her first two years in
a hospital room, my Angie does
remember her dad and she
even has his picture in her
living room, she's been to visit
him couple time, she loves him,
she doesn't really answer his calls
because she just hurt & confuses
his calls were to say, I'm
coming to see you or let's go
get lunch instead of her being

He has so many people that have
passed on, not many siblings remain,
hopefully he can go home and
have a chance at a second life.
I myself have been praying and
hoping and waiting on him to
come home. I've always belived
in him + his innocence. I
know he's a changed person just
by our conversations and I just
pray for my girls + grandkids sake
that he gets, that they get a chance
at a life with their dad and
grandfather. I didn't have my dad,
my son didn't have his, my girls
have a chance now, we are waiting
for him to come home, he does
have family that loves and need
him. It was hard on myself raising

- 22 -

and accepting of everything I
went thru, I just want what's
right to be right. I hope you
understand why I didn't ask
my girls to write a letter, they are
hard and they suffered enough not
having him around as babies – Not
sure if what I wrote is what needed
to be said but all i know it came
from my heart. I have bad arthritic
hands so my writing is all over the place
but what I wrote is my truth; we want
him home enough time has passed.
God is good all the time. Amen. –
Please understand me as a mother protecting her girls.
Thank-you for your time  and for your feelings
help!

Eileen Velez

720-501.1623

Legal Mail

Legal

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 05 2024 ★
BROOKLYN OFFICE

USMs

Office of the Clerk
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201



Mr. Manuel Santos
Reg. No. 55582-053
F.C.I. Otisville
Post Office Box 1000
Otisville, New York 10963

UNITED STATES
POSTAL SERVICE

**P**

Retail

US POSTAGE PAID
**$0.00**

Origin: 10963
05/31/24
3562650063-1

PRIORITY MAIL®

1 Lb 00.00 oz       RDC 03

C030

EXPECTED DELIVERY DAY: 06/03/24

SHIP
TO:   225 CADMAN PLZ E
      BROOKLYN NY 11201-1832

USPS TRACKING® #

9505 5147 8526 4152 2378 61

FEDERAL CORRECTIONAL INSTITUTION

OTISVILLE, NY 10963

DATE: 5/3/24

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has neither been opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosure to the address above.

Legal Mail