UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

   -against-

MANUEL SANTOS,

               *Defendant*.

01-CR-537 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION & ORDER

---

ROSS, United States District Judge:

Defendant Manuel Santos has filed a renewed motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A). The present motion is Mr. Santos's fifth motion for a sentence reduction in the last four years. *See* ECF Nos. 176, 182, 186, 187 (prior motions). For the reasons set forth below, Mr. Santos's motion is denied.

## BACKGROUND

Mr. Santos first filed a motion to reduce his sentence on January 12, 2021. Def.'s First Mot. for Sentence Reduction, ECF No. 176. I denied that motion on February 8, 2021. First Op. & Order at 5–10, ECF No. 179. On September 17, 2021, Mr. Santos again filed a motion for compassionate release. Def.'s Second Mot. for Sentence Reduction, ECF No. 182. I denied that motion on November 9, 2021. Second Op. & Order at 5–12, ECF No. 185. On February 3, 2022, Mr. Santos filed a supplement to his September 2021 motion, arguing that he should be released due to a surge in COVID-19 cases at FCI Otisville, where he was (and is) imprisoned. Suppl. Mot. for Compassionate Release at 1, ECF No. 186. On February 8, 2022, I denied that supplemental motion. *See* Feb. 8, 2022 Electronic Order. On August 9, 2022, Mr. Santos filed a fourth motion for compassionate release. Def.'s Fourth Mot. for Sentence Reduction, ECF No. 187. I denied that motion on September 19, 2022. Fourth Op. & Order at 3–12, ECF No. 189.

The facts of Mr. Santos's case are further detailed in my orders of February 8, 2021, November 9, 2021, and September 19, 2022. In short, Mr. Santos was hired to murder two men as part of a drug sale dispute. First Op. & Order at 1–2. Mr. Santos and others surveilled what they believed to be their intended victims' residence, and when two individuals emerged, Mr. Santos shot and killed both victims, one of whom was a fourteen-year-old boy. *Id*. The two victims were not the men Mr. Santos had been hired to kill. *Id*. Mr. Santos was convicted of two counts of intentional killing in furtherance of a continuing criminal enterprise under 21 U.S.C. § 848(e)(1)(A) and one count of use of a firearm during a crime of violence under 18 U.S.C. § 924(c)(1)(A)(iii). *See* Judgment, ECF No. 67. He was sentenced to two concurrent terms of life imprisonment for the murders and a consecutive term of 10 years imprisonment for the § 924(c) violation. *Id.* Mr. Santos is now in his twenty-third year of incarceration. *See* Gov't Letter Opp'n Def.'s Mot. for Sentence Reduction at 3 ("Gov't Opp'n"), ECF No. 195; Def.'s Reply Supp. Mot. for Sentence Reduction at 3 ("Def.'s Reply"), ECF No. 199.

On August 9, 2022, Mr. Santos filed the instant motion to reduce his sentence. Def.'s Fifth Mot. for Sentence Reduction ("Def.'s Mot."), ECF No. 191.

## LEGAL STANDARD

Pursuant to the First Step Act, a criminal defendant may move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. 18 U.S.C. § 3582(c). To qualify for such relief, a defendant must show: (1) that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," or that thirty days have lapsed "from the receipt of such a request by the warden of [his] facility, whichever is earlier"; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that these reasons outweigh "the factors set forth in section 3553(a) to the extent that they are

2

applicable"; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A); *see United States v. Cato*, No. 16-CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (noting a defendant bears the burden of proof). "Even if a defendant carries this burden, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *Cato*, 2020 WL 5709177, at *3 (citation and quotation marks omitted).

In determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that defendants present to support a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id*. at 237–38 (quoting 28 U.S.C. § 994(t) (emphasis added)).

The Sentencing Commission's policy statement explicating "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i) guides, but does not bind, district courts. *United States v. Dekattu*, No. 18-CR-474 (ARR), 2020 WL 7711842, at *1 (E.D.N.Y. Dec. 29, 2020). In particular, under the Sentencing Guidelines' newly added Section 1B1.13(b)(6), "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment," the courts may consider "a change in the law . . . in determining whether the defendant presents an extraordinary and compelling reason," provided that "such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6) (U.S. Sent'g Comm'n 2023). Even if extraordinary and compelling reasons exist, however, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A).

Mr. Santos submitted his most recent request for compassionate release to the warden of FCI Otisville on December 4, 2023. Def.'s Mot., Ex. 1 at ii. The record before me does not include any response from the warden. Moreover, the government does not argue that Mr. Santos failed to exhaust his administrative remedies, *see generally* Gov't Opp'n, and "§ 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule" that "may be waived or forfeited by the government," *United States v. Saladino*, 7 F.4th 120, 123 (2d Cir. 2021) (alterations adopted and internal quotation marks omitted). Accordingly, I find the requirement for Mr. Santos to exhaust his administrative remedies has been met. I therefore need only address whether Mr. Santos has presented extraordinary and compelling reasons for compassionate release and, if so, whether those reasons are outweighed by the § 3553(a) factors.

## DISCUSSION

### I. Mr. Santos Has Not Demonstrated Extraordinary and Compelling Reasons in Favor of His Release.

While Mr. Santos raises several issues that, he asserts, constitute extraordinary and compelling reasons justifying compassionate release, he principally relies on the November 2023 amendments to the Sentencing Guidelines. *See* Def.'s Mot. at 5–8. As discussed above, newly added Section 1B1.13(b)(6) of the Guidelines provides that "a change in the law . . . may be considered" as a factor supporting a finding of extraordinary and compelling reasons, "but only where such change would produce a gross disparity between the sentence being served" and the sentence the defendant would likely receive at the time of filing the motion. U.S.S.G. § 1B1.13(b)(6) (U.S. Sent'g Comm'n 2023). This amendment does not help Mr. Santos, because Mr. Santos has not demonstrated (1) that his sentence was "unusually long"; (2) that "a change in the law" has taken place that would affect the length of his sentence; or (3) that there is any "gross disparity" between the sentence he is serving and that he would receive today.

4

First, it is far from clear that the life sentences Mr. Santos is currently serving are in fact "unusually long" given the circumstances of his case. Although the recent average federal sentence for murder is "slightly over 20 years," Def.'s Mot. at 9 (citing *United States v. Lugo*, No. 01-CR-922 (NG), 2022 WL 732153, at *10 (E.D.N.Y. Mar. 11, 2022)), Mr. Santos was, as the government notes, "a fully grown adult with a violent criminal history" when he "committed two premediated [sic] murders, including the murder of a child." Gov't Opp'n at 5. In addition, as the government further notes, the current Sentencing Guidelines continue to recommend a sentence of life imprisonment in cases of premeditated murder. *Id.*; *see also* U.S.S.G. § 2A1.1, cmt. n.2(A) (U.S. Sent'g Comm'n 2023) ("In the case of premeditated killing, life imprisonment is the appropriate sentence if a sentence of death is not imposed."). As I noted in my last order denying Mr. Santos's most recent motion for compassionate release, "Mr. Santos's crime was especially severe, and a life sentence reflects the seriousness of his offense, regardless of the average sentence for a 'similar' crime." Fourth Op. & Order at 10–11. In sum, I agree with the government that, under these circumstances, Mr. Santos's life sentences were not unusually long.

Second, even if Mr. Santos's sentence were unusually long, I would still find that no extraordinary and compelling reason exists under Section 1B1.13(b)(6) of the Sentencing Guidelines, because Mr. Santos has not identified any "change in the law" that could justify reducing his sentence. In his motion, Mr. Santos cites the Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. 99 (2013), and *United States v. Booker*, 543 U.S. 220 (2005), as the sources of the relevant change in law. Def.'s Mot. at 6–7. I have previously explained why *Alleyne* is of no help to him, *see* Fourth Op. & Order at 8, and Mr. Santos has provided no basis for me to reach a different conclusion now. Likewise, *Booker* cannot be the basis of the requisite change in the law, because Mr. Santos was sentenced on October 28, 2005—more than nine months after the

5

Supreme Court's decision in *Booker*. *See* Gov't Opp'n at 6 n.3. In the absence of any "change in the law" that would reduce Mr. Santos's sentence, there necessarily cannot be any "gross disparity" between the sentence he is serving and the sentence he would receive today. I therefore conclude that there is no extraordinary and compelling reason for compassionate release under Section 1B1.13(b)(6) of the Sentencing Guidelines.

Mr. Santos raises several additional factual considerations, but none of those rise to the level of an extraordinary and compelling reason for compassionate release. He asserts that he has been rehabilitated, citing his positive disciplinary record while incarcerated, *see* Def.'s Mot. at 9–10, and his history of volunteer service "providing uplifting assistance to younger, inexperienced inmates through such programs as mentoring and inmate drug treatment counseling," *id.* at 13. While these efforts are commendable, by statute, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Mr. Santos also refers to his age as a relevant factor, asserting that he "is at the age where studies show he has age[d] out of crime." Def.'s Mot. at 12. While I take note of Mr. Santos's advanced age,[1] it does not currently constitute an extraordinary and compelling reason as defined by the Sentencing Guidelines. *See* U.S.S.G. § 1B1.13(a)(1)(B) (U.S. Sent'g Comm'n 2023) (providing that courts may reduce a defendant's sentence if the defendant has reached the age of 70 and has served at least 30 years in prison); *id.* § 1B1.13(b)(2) (providing that extraordinary and compelling reasons exist if the defendant has reached the age of 65, has served at least 10 years or 75 percent of the term of imprisonment, and "is experiencing a serious deterioration in physical or mental health because of

---

[1] According to public records maintained by the Bureau of Prisons, Mr. Santos is currently 64 years old. *See* Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc (last visited Sept. 12, 2024).

the aging process"). Thus, Mr. Santos has not demonstrated that extraordinary and compelling reasons justify compassionate release in this case.

## II. Section 3553(a) Factors

Having concluded that there is no extraordinary and compelling reason for compassionate release, I need not consider the factors listed in 18 U.S.C § 3553(a). *See United States v. Woods*, No. 18-CR-00033 (NGG), 2024 WL 3758817, at *3 (E.D.N.Y. Aug. 12, 2024). I stop to remark only briefly that the factors to be weighed are substantially the same as they were when I denied Mr. Santos's last motion for compassionate release. *See* Fourth Op. & Order at 9–12. Although I again commend Mr. Santos for his positive disciplinary record and his history of volunteer service, I also recognize the importance of the considerations set forth in § 3553(a), namely "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). As I previously found, "the violence of [Mr. Santos's] offenses and the significant harm that they caused weigh against a reduction in Mr. Santos's sentence," and there is considerable risk that "a reduction will not adequately reflect the seriousness of defendant's offenses, deter similar criminal conduct, or protect the public." Fourth Op. & Order at 9.

I certainly agree with Mr. Santos that "no man is beyond redemption." Def.'s Mot. at 12 (quoting *United States v. Snype*, 683 F. Supp. 3d 351, 366 (S.D.N.Y. 2023)). Given the absence of a showing of extraordinary and compelling reasons at this time, however, I must deny his motion for compassionate release.

## CONCLUSION

For the foregoing reasons, I deny Mr. Santos's motion for a reduction of sentence.

7

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:      September 17, 2024
            Brooklyn, New York